UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| PLAINTIFF DOE 1 AND PLAINTIFF DOE 2, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 3:22-cv-00670-MHL |
| PATRIOT FRONT, THOMAS ROUSSEAU, PAUL GANCARZ, NATHAN NOYCE, THOMAS DAIL, and JOHN DOES 1-23, | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
FOR LEAVE TO PROCEED UNDER SEALED NAMES**

### I.   INTRODUCTION

Plaintiffs respectfully request leave to maintain this action as Sealed Plaintiff 1 and Sealed Plaintiff 2 in order to protect their and their families' safety. Defendants are a white supremacist group and several of its members who conspired to deprive Plaintiffs of their constitutional rights through racially motivated intimidation and harassment. Plaintiffs justifiably fear that Defendants, other members of their group, and sympathizers in other white nationalist groups will harass and physically harm them, their spouses, and their minor children if their identities are disclosed. The interests of justice strongly support sealing Plaintiffs' names in these extraordinary circumstances.

### II.   LEGAL STANDARD

"Federal courts traditionally have recognized that in some cases the general presumption of open trials—including identification of parties and witnesses by their real names—should yield in deference to sufficiently pressing needs for party or witness anonymity." *James v. Jacobson*, 6 F.3d 233, 242 (4th Cir. 1993). A party or witness may be permitted to proceed anonymously where "privacy or confidentiality concerns are . . . sufficiently critical." *Id.* at 238.

When determining whether to allow a party's identity to be confidential, the court balances the public's interest in open proceedings and the party's interest in anonymity. *Doe v. Pub. Citizen*, 749 F.3d 246, 274 (4th Cir. 2014). The Fourth Circuit has identified five non-exhaustive factors to guide that analysis:

> (1) 'whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;'
>
> (2) 'whether identification poses a risk of retaliatory physical or mental harm to the requesting party or . . . innocent non-parties;'
>
> (3) 'the ages of the persons whose privacy interests are sought to be protected;'
>
> (4) 'whether the action is against a government or private party;' and
>
> (5) 'the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.'

*A.D. v. Wyndham Hotels and Resorts, Inc.*, 2020 WL 5269758, at *1 (E.D. Va. Mar. 20, 2020) (quoting *James*, 6 F.3d at 238). The matter is "one of many [decisions] involving management of the trial process that for obvious reasons are committed . . . to trial court discretion." *James*, 6 F.3d at 238.

### III.    ARGUMENT

**A.    Plaintiffs Face Substantial Risk Of Harm If Their Identities Are Disclosed.**

Plaintiffs' concerns for anonymity go far beyond a desire to avoid "annoyance and criticism that may attend any litigation." They fear for their safety and the safety of their spouses and minor children. *See* Declaration of Plaintiff Doe 1 (Exhibit A) & Declaration of Plaintiff Doe 2 (Exhibit B). *See also* Declaration of Arusha Gordon (Exhibit C) (recounting that plaintiffs in lawsuits against other white supremacist groups have received threats and other harassment).

Plaintiffs' concerns are well-founded. The Patriot Front and its members have a documented history of violence and harassment. That history includes physical assaults.[1] It includes death threats and online harassment.[2] Public disclosure of Plaintiffs' identities risks subjecting Plaintiffs and their families to the same harms by Defendants, their co-conspirators, and other sympathizers to their cause.

Indeed, violent white supremacists already are sharing information about this lawsuit and coordinating with Defendants. Within 24 hours of the lawsuit's filing, Jason Kessler, the organizer of the deadly white supremacist Unite the Right rally in Charlottesville in 2017, and a defendant in the resulting civil suit, *Sines v. Kessler*, took to social media to advise Patriot Front members and advertise a livestream to share "strategies for activists in this situation" (*i.e.*, defendants in a lawsuit). White supremacists on Twitter, including a user whose Twitter handle is "UnashamedlyWhite" has suggested that "combat" is the way to fight back against lawsuits such as the one brought by Plaintiffs. *See* Declaration of Arusha Gordon ¶ 8.

Protecting a party from violence and harassment has long been recognized to be a compelling reason for sealing a party's identity. *See, e.g.*, *A.D.*, 2020 WL 5259758, at *2 (allowing pseudonyms because "Plaintiff may be subjected to physical harm if her identity is revealed publicly"); *Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 593 (E.D. Va. 2016) (permitting pseudonymous filing because plaintiff "could be targeted for 'retaliatory

---

[1] *See* Odette Yousef, *31 Members of the White Nationalist Patriot Front Arrested Near an Idaho Pride Event*, NPR (June 11, 2022), https://www.npr.org/2022/06/11/1104405804/patriot-front-white-supremacist-arrested-near-idaho-pride (reporting that 31 members of the Patriot Front were arrested near an Idaho pride parade with shields and riot gear, including a smoke grenade); Kiara Alfonseca, *Man Who Says He Was Assaulted by White Supremacist Marchers Speaks Out*, ABC News (July 5, 2022), https://abcnews.go.com/US/man-assaulted-white-supremacist-marchers-speaks/story?id=86189702 (reporting that members of the Patriot Front kicked and beat a Black man while marching in Boston).

[2] *See* Doha Madani, *Idaho Officers Getting Death Threats After Arresting 31 Patriot Front White Nationalists Near Pride Event*, NBC News (June 13, 2022), https://www.nbcnews.com/news/us-news/officers-death-threats-patriot-front-arrests-idaho-pride-rcna33311 (reporting that police received death threats and threats of doxxing, "a practice in which someone publishes personal information such as phone numbers or addresses online," after arresting members of the Patriot Front).

physical or mental harm'") (quoting *James*, 6 F.3d at 238); *Int'l Refugee Assistance Project v. Trump*, 2017 WL 818255, at *1-2 (D. Md. Mar. 1, 2017) (allowing group of plaintiffs to proceed pseudonymously because they "plausibly demonstrated that filing without pseudonyms creates a risk of retaliatory harm to themselves or innocent family members"); *Doe v. Alger*, 317 F.R.D. 37, 40 (W.D. Va. 2016) (same); *Doe v. New Ritz, Inc.*, 2015 WL 4389699, at *2 (D. Md. July 14, 2015) (same, based on "unrebutted affidavit [that] articulates a legitimate fear of physical and mental harm that may arise if her identity is revealed"); *see also Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (finding anonymity warranted where plaintiffs faced "extensive harassment and perhaps even violent reprisals if their identities are disclosed to a . . . community hostile to the viewpoint reflected in plaintiffs' complaint").

The Court should do the same here. Plaintiffs are private individuals whose identities have not yet been publicly associated with the events at issue in this case. The Court should seal their names to maintain that status to protect them from harm. *See Sines v. Kessler*, No. 3:17-cv-00072 (W.D. Va. Feb. 13, 2018) (granting plaintiff John Doe's use of pseudonym because "[t]he potential for retaliatory harm or harassment against named parties in this case is particularly pressing and, unlike Defendant [], John Doe's identity is not associated in the general public with the alleged events underlying this lawsuit").

**B.      Sealing Plaintiffs' Names Will Not Harm The Public Interest.**

The public's interest in open judicial procedures will be only minimally affected because Plaintiffs seek to protect from public disclosure only their and their families' identities and places of residence. Plaintiffs do not request that the complaint or other filings that do not disclose their identities or residences be under seal. *See A.D.*, 2020 WL 5269758, at *3 ("Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them . . .

4

These crucial interests served by open trial are not inevitably compromised by allowing a party to proceed anonymously." (quoting *Stegall*, 653 F.3d at 185)).

## IV. CONCLUSION

Plaintiffs have serious concerns regarding the potential for retaliatory harm, harassment, and intimidation by Defendants, their co-conspirators and other sympathizers of Defendants, who support the extreme and racist white supremacist mission of establishing an ethnostate, if their names are disclosed. To protect them from that harm, the Court should grant this Motion and order that Plaintiffs may maintain this action as Sealed Plaintiff 1 and Sealed Plaintiff 2.

Respectfully submitted,

**PLAINTIFF DOE 1 and PLAINTIFF DOE 2**

By  /s/ Michael R. Shebelskie
         Counsel

Michael R. Shebelskie
VSB No. 27459
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219-4074
Telephone:  (804) 788-8200
Facsimile:  (804) 788-8218
mshebelskie@HuntonAK.com

Edward G. Caspar (pro hac vice application pending)
DC Bar No. 1644168
Arthur Ago (pro hac vice application pending)
DC Bar No. 463681
Arusha Gordon (pro hac vice application pending)
DC Bar No. 1035129
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street, NW, Suite 900
Washington, DC 20005
Telephone:  (202) 662-8600
Facsimile:  (202) 783-0857
ecaspar@lawyerscommittee.org
aago@lawyerscommittee.org;
agordon@lawyerscommittee.org

*Counsel Continued on Next Page*

| | |
|---|---|
| Ryan P. Phair (pro hac vice application pending)<br>DC Bar No. 479050<br>HUNTON ANDREWS KURTH LLP<br>2200 Pennsylvania Ave, NW Suite 900<br>Washington, DC 20037-1701<br>Telephone:  (202) 955-1500<br>Facsimile:  (202) 778-2201<br>rphair@HuntonAK.com | Daniel J. Kramer (pro hac vice application pending)<br>NY Bar No. 1979392<br>Joshua Hill (pro hac vice application pending)<br>NY Bar No. 4297826<br>Gregory F. Laufer (pro hac vice application pending)<br>NY Bar No. 4614764<br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>1285 Avenue of the Americas<br>New York, NY  10019-6064<br>Telephone:  (212) 373-3000<br>Facsimile:  (212) 492-0441<br>dkramer@paulweiss.com<br>jhill@paulweiss.com<br>glaufer@paulweiss.com |

Counsel for Plaintiffs