IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**SEALED PLAINTIFF 1,**

and

**SEALED PLAINTIFF 2,**

        **Plaintiffs,**

**v.**                                                 Civil Action No. 3:22cv670

**PATRIOT FRONT,** *et al.*,

        **Defendants.**

## MEMORANDUM ORDER

This matter comes before the Court on *pro se* Defendant Nathan Noyce's Joint Motion for an Extension of Time and for Out of State Representation (the "Motion").[1] (ECF No. 56.) Noyce requests "an additional extension of 30 days [to respond to Plaintiffs' Amended Complaint] because [he has] been unable to find competent counsel in this jurisdiction due to limited availability of attorneys with expertise in this matter as well as conflicts regarding licensing within the state of Virginia." (ECF No. 56, at 1.) He hopes to find qualified counsel. He states that both "Thomas D[ail] and [he] respectfully move this . . . Court for an order allowing [them] to retain counsel from Maryland." (ECF No. 56, at 1.)

While Nathan Noyce files these matters *pro se*, or on his own behalf, the Court must remind him that he is required to follow the Federal Rules of Civil Procedure and the Eastern

---

[1] Noyce complied with E.D. Va. Local Rule 83.1(M) when certifying that no attorney assisted him in the preparation of his Motion for Extension. (ECF No. 56-1.)

District of Virginia Local Civil Rules. Noyce cannot file motions on Dail's behalf.[2] Nor can Dail file anything on Noyce's behalf. For instance, were Noyce to file a motion on Dail's behalf, Noyce would be engaging in the unauthorized practice of law, something the Court presumes Noyce has no intention of doing.

Noyce seeks additional time to retain counsel from Maryland. Regarding foreign (meaning non-Virginia licensed) attorneys, the Court directs Noyce to Local Rule 83.1(D), which provides that:

> (1) Upon written motion by a member of this Court, **a practitioner qualified to practice in the United States District Court of another state or the District of Columbia may apply for *pro hac vice* admission** in a specific case and to appear and sign pleadings and other filings, provided that:
>
>> (a) The rules of the United States District Court of the district in which the practitioner maintains an office extend a similar privilege to members of the bar of this Court; and
>>
>> (b) That such practitioners from another state or the District of Columbia **shall be accompanied by a member of the bar of this Court in all appearances before this Court.**

E.D. Va. Loc. Civ. R. 83.1(D)(1) (emphasis added). Therefore, a foreign (meaning a non-Virginia licensed) attorney must apply for *pro hac vice* admission and must be accompanied by a member of the bar of this Court. This means that any Maryland attorney not licensed in Virginia must *also* have an Eastern District of Virginia attorney accompany him or her throughout the case, including jointly signing every filing and jointly attending any hearings.

Accordingly, the Court DENIES the request "for an order allowing . . . out of state counsel." Should Noyce seek foreign counsel to represent him, that lawyer must follow the

---

[2] Noyce entitled his Motion a "Joint Motion," presumably assuming he could include Thomas Dail in his Motion. As explained above, he cannot do so. Generally, a "joint motion" is filed by opposing parties, i.e., a plaintiff and a defendant. The Court will address Dail's circumstance by separate order.

admission procedures as outlined in the Local Rules of the Eastern District of Virginia, including those quoted above.

Defendant Noyce adds that "plaintiffs take no position on the request for an extension but have indicated that they will oppose any further requests for extensions."[3] (ECF No. 56, at 1.)

Upon due consideration, pursuant to Federal Rule of Civil Procedure 6(b)(1),[4] and for good cause shown, the Court GRANTS Noyce's request for an extension of time. Noyce SHALL respond to the Amended Complaint no later than March 1, 2023.

Noyce is ADMONISHED to follow the procedures outlined in the Federal Rules of Civil Procedure and the Eastern District of Virginia Local Civil Rules.

Let the Clerk send this Memorandum Order to all counsel, to Noyce at his address of record, and, as a courtesy, to Thomas Dail at his address of record.

It is SO ORDERED.

Date: 02/07/23
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

---

[3] Plaintiffs' counsel took no position on Defendant Noyce's January 3, 2023, Motion for Extension. (ECF No. 48.) The Court granted an extension until February 2, 2023, to respond to the Amended Complaint. (ECF No. 50.)

[4] Federal Rule of Civil Procedure 6(b)(1)(A) provides:

*In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:

> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]

Fed. R. Civ. P. 6(b)(1)(A).