FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**SEALED PLAINTIFF 1,**

and

**SEALED PLAINTIFF 2,**

    **Plaintiffs,**

**v.**                                                                                  Civil Action No. 3:22cv670

**PATRIOT FRONT,** *et al.*,

    **Defendants.**

## MEMORANDUM ORDER

This matter comes to this Court *sua sponte*. On February 2, 2023, Defendant Nathan Noyce filed a Motion for Extension of Time and for Out of State Representation (the "Motion"). (ECF No. 56.) Noyce seemingly sought to bring his request for extension on behalf of Thomas Dail.

Defendant Noyce did so in error. While Noyce and Dail each appears before the Court *pro se*, or on his own behalf, the Court must remind Dail that he, like Noyce, is required to follow the Federal Rules of Civil Procedure and the Eastern District of Virginia Local Civil Rules. Defendant Noyce cannot file motions on Dail's behalf. Nor can Defendant Dail file anything on Noyce's behalf. For instance, were Dail to file a motion on Noyce's behalf, he would be engaging in the unauthorized practice of law, something the Court presumes Dail has no intention of doing.

After Dail filed his own, earlier, motion, (ECF No. 46), he received an extension of time to file a response to the Amended Complaint, (ECF No. 51). By Order dated January 4, 2023,

the Court ordered Dail to file his response to the Amended Complaint no later than January 30, 2023.[1]

January 30, 2023 has passed and Defendant Dail has not filed a response. In deference to his *pro se* status, the Court will presume that Dail thought that Noyce's February 2, 2023 "Joint" Motion protected his interest.[2] *It does not*. The Court addressed Noyce's Motion on February 7, 2023, making it clear he could not properly seek an extension for Mr. Dail. (ECF No. 57.) Dail received a copy of that Memorandum Order.

---

[1] On January 25, 2023, pursuant to that same order, Dail belatedly filed a E.D. Va. Local Rule 83.1(M) Ghostwriting Form indicating that no attorney helped him prepare his earlier motion for extension of time.

[2] Noyce sought additional time to find a Maryland attorney. Regarding foreign (meaning non-Virginia) attorneys, the Court directed Noyce to Local Rule 83.1(D), which provides that:

> (1) Upon written motion by a member of this Court, a practitioner qualified to practice in the United States District Court of another state or the District of Columbia may apply for *pro hac vice* admission in a specific case and to appear and sign pleadings and other filings, provided that:
>
> > (a) The rules of the United States District Court of the district in which the practitioner maintains an office extend a similar privilege to members of the bar of this Court; and
> >
> > (b) That such practitioners from another state or the District of Columbia shall be accompanied by a member of the bar of this Court in all appearances before this Court.

E.D. Va. Loc. Civ. R. 83.1(D)(1).

Defendant Dail is directed to Local Rule 83.1(D)(1) regarding his own defense. Any foreign (meaning a non-Virginia licensed) attorney must apply for *pro hac vice* admission and must be accompanied by a member of the bar of this Court. This means that any Maryland attorney not licensed in Virginia must also have an Eastern District of Virginia attorney accompany him or her throughout the case, including jointly signing every filing and jointly attending any hearings.

Moreover, not only is Noyce prevented from filing on Dail's behalf, but also the Court would have to deny the request Noyce tries to seek for Dail. Noyce's Motion was filed after Dail's deadline of January 30, 2023, rendering it untimely even if it could pertain.

As such, Defendant Dail has failed to follow the Court's direction to file a response to the Amended Complaint no later than January 30, 2023. (ECF No. 51.) The Court hereby ORDERS Defendant Dail to SHOW CAUSE why he should be allowed to respond to the Amended Complaint beyond the Court's extended deadline. Should he seek additional time, he SHALL do so in the same filing. Dail SHALL file the document in response to this Memorandum Order no later than February 20, 2023.

Dail is ADMONISHED to follow the procedures outlined in the Federal Rules of Civil Procedure and the Eastern District of Virginia Local Civil Rules.

Let the Clerk send this Memorandum Order to all counsel, to Dail at his address of record, and, as a courtesy, to Nathan Noyce at his address of record.

It is SO ORDERED.

Date: 02/07/23
Richmond, Virginia

/s/ M. Hannah Lauck
United States District Judge