UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| SEALED PLAINTIFF 1 </br></br>and</br></br>SEALED PLAINTIFF 2,</br></br>Plaintiffs,</br></br>v.</br></br>PATRIOT FRONT, *et al.*,</br></br>Defendants. | )</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)  Civil Action No. 3:22-cv-00670-MHL</br>)</br>)</br>)</br>)</br>) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' RESPONSE TO NOTICE OF
THE CLERK'S INTENTION TO PROCEED WITH ABATEMENT AND
MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY**

Plaintiffs, by counsel, respectfully submit this memorandum in support of their Response to Notice of the Clerk's Intention to Proceed with Abatement and Motion for Leave to Take Limited Discovery. As outlined below, good cause exists for extending the deadline to serve Defendant Jacob Brown ("Brown"). Plaintiffs have diligently attempted to locate Brown, without success, through various means. Those efforts continue. Plaintiffs request that the Court extend the deadline to serve Brown to allow Plaintiffs adequate time to continue their efforts to locate Brown and serve him. Plaintiffs further request that the Court grant Plaintiffs leave to take limited discovery of Brown's responding co-Defendants prior to the parties' Rule 26(f) conference for the sole purpose of identifying Brown's contact information and location.

I.      **Good Cause Exists For Extending The Service Deadline On Brown.**

Federal Rule of Civil Procedure 4(m) prescribes a 90-day period for serving a defendant with a complaint and directs that, in the event a defendant is not served in that time, the Court must either "dismiss the action without prejudice against that defendant or order that service be made within a specified time." Rule 4(m) additionally directs that the Court "must extend the time for service for an appropriate period" if "the plaintiff shows good cause for the failure" to serve the defendant.

Pursuant to that Rule, the Court should extend the time for service on Brown because good cause exists for the failure to serve him to date. "Good cause [for extending the service deadline under Rule 4(m)] is shown when the plaintiff demonstrates that 'he made reasonable, diligent efforts to effect service on the defendant.'" *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)). Good cause exists "where a defendant evaded plaintiff's attempts to perfect service" or "where a plaintiff readily attempted to, but could not identify the defendant's home address." *McCollum v. Genco Infrastructure Sols.*, No. 3:10cv210, 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010). An extension of the service deadline is "especially appropriate when factors beyond the plaintiff's control frustrate his or her diligent efforts." *Huff v. McCormick*, No. 3:14CV349, 2015 WL 1349826, at *1 (E.D. Va. Mar. 24, 2015).

As outlined below and in the attached declaration (*see* Declaration of Michael R. Shebelskie ["Shebelskie Decl."]), Plaintiffs have made diligent efforts to locate and effectuate service on Jacob Brown. Plaintiffs do not personally know Brown and have no contact information for him. Plaintiffs know that he participated in the conspiracy at the heart of this action because his name is on the list of persons attending the October 12, 2021 meeting at which the vandalism

of the Arthur Ashe mural was planned. *See* Am. Complaint ¶ 28 (ECF No. 31). But they have no personal knowledge of where he lives or works.

Plaintiffs, accordingly, have been required to locate Brown through alternative means. To do so, Plaintiffs' counsel enlisted researchers to identify an address for Brown using publicly available information promptly after the summons for Brown was issued. Shebelskie Decl. ¶ 5. Those means have been used reliably to locate witnesses in other matters. *Id.* The researchers identified a potential home address for Brown in Hampton, Virginia, and a process server was retained to serve Brown there. Shebelskie Decl. ¶ 6. According to the process server, no one answered the door when he attempted service. Shebelskie Decl. ¶ 7. As he was leaving, though, someone came to the front door and spoke with him. Shebelskie Decl. ¶ 8. That person said they lived at that address and that Jacob Brown does not live there. *Id.*

Plaintiffs' counsel subsequently engaged a private investigator to find a home address for Jacob Brown. Shebelskie Decl. ¶ 9. His searches identified only the Hampton address for Brown's residence as recently as May 2023. *Id.*

On June 19, 2023, the investigator learned of a possible alternative home address for Brown in Charlotte Court House, Virginia. Shebelskie Decl. ¶ 10. The investigator went to that address the next day and interviewed residents there and at a nearby home. Shebelskie Decl. ¶ 11. The residents denied that Brown resided there. *Id.* The investigator also spoke with a law enforcement officer on patrol in the neighborhood. Shebelskie Decl. ¶ 12. The officer ran a report using Jacob Brown's name but was unable to find any information about him. *Id.*

Plaintiffs are also pursuing other means of locating Brown. Shebelskie Decl. ¶ 13. Plaintiffs' counsel have identified contact information, including addresses, for several of Brown's relatives in New York and Florida and are engaging private investigators to contact them. *Id.*

As the above demonstrates, Plaintiffs have engaged in "reasonable, diligent efforts" to effectuate service on Jacob Brown. *Venable*, 2007 WL 5145334, at *1 (quoting *Hammad*, 31 F. Supp. 2d at 528). Plaintiffs have retained multiple researchers, process servers, and private investigators to locate and serve Jacob Brown, and the difficulty in doing so is attributable to circumstances entirely beyond Plaintiffs' control. *See Huff*, 2015 WL 1349826, at *1. Plaintiffs are not personally familiar with Jacob Brown and have no reason to know of his location or contact information beyond what is publicly available online. Confounding Plaintiffs' efforts is that Brown may well be attempting to evade service by keeping his present whereabouts unknown.[1] Nevertheless, Plaintiffs are continuing to research diligently for information relating to Brown's current location and will effectuate service as promptly as possible. For these reasons, the Court should find that Plaintiffs have established good cause for the delay and should extend the deadline for service under Rule 4(m).

And while Plaintiffs' efforts to serve Brown alone warrant extension of the service deadline on Brown, the Court also should take into account that dismissal would be tantamount to a dismissal with prejudice as to certain claims against Brown. For example, Count Two of the Amended Complaint, which alleges Brown's violation of 42 U.S.C. § 1986, is subject to a one-year statute of limitations. *See Harris v. Obenshain*, 452 F. Supp. 1172, 1175 (E.D. Va. 1978). The claims in this action arise out of Defendants conspiracy to vandalize the Arthur Ashe mural in Richmond, Virginia on October 18, 2021. Compl. ¶ 7 (ECF No. 1). This action was filed on

---

[1] Plaintiffs note in this regard that two days after this case was filed, Jason Kessler, a prominent white supremacist activist, posted about the case on social media and promoted an upcoming livestream "recommending strategies for activists in this situation to: (1) Protect themselves[; and] (2) Waste a maximal amount of the enemy's resources." See Ex. A; see also https://twitter.com/TheMadDimension/status/1583054093706092544. Kessler encouraged defendants who "haven't yet been served" to "make sure your residence is not public record" and "[i]f it is, you need to move immediately and maintain records (like receipts or a lease) from your new residence." See id.

October 18, 2022, exactly one year after Defendants vandalized the mural.  If the claims against Jacob Brown were to be dismissed without prejudice under Rule 4(m), Plaintiffs would nevertheless be unable to pursue their Section 1986 claim against him, even if they were able to locate him tomorrow.

That statute of limitations concern warrants an extension.  It is well settled that "courts have been accorded discretion to enlarge the [service] period 'even if there is no good cause shown.'"  *Henderson v. United States*, 517 U.S. 654, 662–63 (1996).  As the Advisory Committee Notes to Rule 4(m) indicate, such "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service."  Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment; *see also Ditkof v. Owens-Ill., Inc.*, 114 F.R.D. 104, 105 (E.D. Mich. 1987) (excusing failure to timely serve defendant where "the statute of limitations would prevent plaintiff from bringing a new action"); *Toland v. Potter*, No. 05-2409-JWL, 2006 WL 1300998, at *1–2 (D. Kan. May 9, 2006) (same).

## II.   Limited Discovery as to Jacob Brown's Known Contact Information Would Aid in Service of Process.

To assist in serving Jacob Brown, Plaintiffs respectfully request that the Court grant Plaintiffs leave to take limited discovery of Brown's responding co-Defendants to identify Brown's contact information and location.  The Court has broad discretion to order discovery in advance of the parties' Rule 26(f) conference.  *See Physicians Interactive v. Lathian Sys., Inc.*, 2003 WL 23018270, at *4 (E.D. Va. Dec. 5, 2003) ("Courts have held that expedited discovery is warranted 'when some unusual circumstances or conditions exist that would likely prejudice the party if they were required to wait the normal time.'" (quoting *Fimab-Finanziaria Magklificio Beillese Fratelli Fila S.p.A. v. Helio Import/Export, Inc.*, 601 F. Supp. 1, 3 (S.D. Fla. 1983))).

5

"When presented with a motion to commence discovery prior to the Rule 26(f) conference, courts generally apply a reasonableness or good-cause standard, taking into account the totality of the circumstances in which the motion is presented." *RelaDyne Reliability Servs. Inc. v. Bronder*, Civil No. 2:20cv377, 2020 WL 5745801, at *1 (E.D. Va. Aug. 4, 2020) (quoting *Humphrey v. Sallie Mae, Inc.*, No. 3:10-cv-01505-JFA, 2010 WL 2522743, at *1 (D.S.C. June 17, 2010)).

Courts in this circuit have allowed plaintiffs to serve discovery on co-defendants to identify contact information for an absent defendant when necessary to effectuate service. *See, e.g.*, *Yongo v. Nationwide Affinity Ins. Co. of Am.*, No. 5:07-CV-94-D, 2008 WL 516744, at *8 (E.D.N.C. Feb. 25, 2008); *cf. Hard Drive Prods., Inc. v. Does 1–30*, No. 2:11cv345, 2011 WL 2634166, at *3 (E.D. Va. July 1, 2011) (authorizing service of Rule 45 subpoenas on internet service providers for anonymous defendants' addresses, telephone numbers, and email addresses). In *Yongo*, the plaintiff attempted to serve a defendant by certified mail but received notice that the mailing was returned undelivered. *Id.* at *8. The court concluded that the defendant had not been served, and the plaintiff served interrogatories on the defendants who had appeared seeking the absent defendant's address. *Id.* Plaintiff later requested a new summons based on a "newly identified" address for the defendant, and the court found that the plaintiff's efforts at service constituted good cause to reissue the summons. *Id.* at *8–9. The court observed separately that effective service on the absent defendant "would promote judicial economy by resulting in all parties named in plaintiff's claims being brought before the court in the instant case." *Id.* at *9.

Plaintiffs have establish good cause to take limited discovery in advance of the parties' Rule 26(f) conference for the sole purpose of locating Jacob Brown. As indicated above, Plaintiffs have engaged in diligent efforts to identify Brown's current address, but these efforts have been unsuccessful. Allowing limited discovery aimed at identifying Brown's contact information would pose minimal burden to Defendants while ensuring that Plaintiffs are able to litigate their

claims at one time. *See Yongo*, 2008 WL 516744, at *9. Plaintiffs request that they be permitted to serve two interrogatories upon each of Brown's responding co-Defendants for purposes of identifying: (1) whether the Defendant has personal knowledge of Jacob Brown, and (2) all known physical addresses, workplaces, phone numbers, email addresses, social media accounts, or other means of contact that are or have been associated with Brown.[2]

### Local Rule 37(E) Certification

Counsel for Plaintiffs and the responding Defendants have met and conferred in a good faith effort to resolve the discovery matters at issue. Counsel for the responding Defendants has represented that the responding Defendants are reserving judgment on Plaintiffs' request until after they have reviewed the motion.

Date: June 22, 2023

Respectfully submitted,

SEALED PLAINTIFFS 1 and 2

By: /s/ Michael R. Shebelskie

| | |
|---|---|
| Michael R. Shebelskie | Arthur Ago (admitted pro hac vice) |
| VSB No. 27459 | DC Bar No. 463681 |
| Kevin S. Elliker | LAWYERS' COMMITTEE FOR CIVIL |
| VSB No. 87498 | RIGHTS UNDER LAW |
| HUNTON ANDREWS KURTH LLP | 1500 K Street, NW, Suite 900 |
| Riverfront Plaza, East Tower | Washington, DC 20005 |
| 951 East Byrd Street | Telephone: (202) 662-8600 |
| Richmond, VA 23219-4074 | Facsimile: (202) 783-0857 |
| Telephone: (804) 788-8200 | ecaspar@lawyerscommittee.org |
| Facsimile: (804) 788-8218 | aago@lawyerscommittee.org |
| mshebelskie@HuntonAK.com | |
| kelliker@HuntonAK.com | Ryan P. Phair (admitted pro hac vice) |
| | DC Bar No. 479050 |
| Edward G. Caspar (admitted pro hac vice) | HUNTON ANDREWS KURTH LLP |
| DC Bar No. 1644168 | 2200 Pennsylvania Ave, NW Suite 900 |

---

[2] Plaintiffs reserve the right to request that these interrogatories not count towards any limits imposed by the Federal Rules of Civil Procedure, Local Rules, or Order of this Court as part of the parties' merits discovery.

Washington, DC 20037-1701
Telephone:  (202) 955-1500
Facsimile:  (202) 778-2201
rphair@HuntonAK.com

Daniel J. Kramer (admitted pro hac vice)
NY Bar No. 1979392
Joshua Hill (admitted pro hac vice)
NY Bar No. 4297826
Gregory F. Laufer (admitted pro hac vice)
NY Bar No. 4614764
Robert J. O'Loughlin (admitted pro hac vice)
NY Bar No. 5225966
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 492-0441
dkramer@paulweiss.com
jhill@paulweiss.com
glaufer@paulweiss.com
roloughlin@paulweiss.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on June 22, 2023, I caused a copy of the foregoing to be electronically filed using the CM/ECF system, which will send notification to counsel of record of such filing by operation of the Court's electronic system. Parties may access this filing via the Court's electronic system. Additionally, copies have been sent to the following via Email:

Bradley P. Marrs (VSB#25281)
Marrs & Henry
7202 Glen Forest Drive, Suite 307
Richmond, VA 23226
Tel. (804) 662-5716
Fax (804) 662-5712
bmarrs@marrs-henry.com

Glen K. Allen
Glen Allen Law (MD-NA)
5423 Springlake Way
Baltimore, MD 21212
Tel: (410) 802-6453
Glenallenlaw@protonmail.com

/s/     Michael R. Shebelskie

Michael R. Shebelskie
VSB No. 27459
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219-4074
Telephone:  (804) 788-8200
Facsimile:  (804) 788-8218
mshebelskie@HuntonAK.com

*Counsel for Plaintiffs*