## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| **SEALED PLAINTIFF 1** | ) |
| | ) |
| **and** | ) |
| | ) |
| **SEALED PLAINTIFF 2,** | ) |
| | ) |
| | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )          **Civil Action No. 3:22-cv-00670-MHL** |
| | ) |
| **PATRIOT FRONT,** *et al.*, | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

### REPLY IN SUPPORT OF PLAINTIFFS' RESPONSE TO NOTICE OF THE CLERK'S INTENTION TO PROCEED WITH ABATEMENT AND MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY

Defendants give no good reason for disallowing discovery concerning Jacob Brown's whereabouts. Defendants do not, and cannot, contend the information is irrelevant. They do not, and cannot, contend the information is privileged. If Defendants know where Mr. Brown is or how to contact him—and they do not deny they know that—they should be required to disclose that information.

Defendants contend instead that the requested discovery would be unduly burdensome because of their alleged "limited resources." Opposition to Plaintiffs' Motion for Leave to Take Limited Discovery ("Defs.' Opp.") (ECF No. 95) ¶ 3. But their conclusory assertion is inadequate to establish undue burden. As the Court has held: "In order to overcome the liberal construction afforded the federal discovery rules, a party objecting on the grounds that a request is overly burdensome must submit affidavits or other evidence indicating with specificity the nature and

extent of the burden." *Cappetta v. GC Servs. Ltd. P'ship*, No. CIV.A 3:08CV288, 2008 WL 5377934, at *3 (E.D. Va. Dec. 24, 2008). *Accord Sziber v. Dominion Energy, Inc.*, 3:20-CV-117, 2021 WL 6332784, at *3 (E.D. Va. Sept. 14, 2021) ("The party claiming that a discovery request is unduly burdensome must allege specific facts that indicate the nature and extent of the burden.") (quoting *Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495, 498 (D. Md. 2000)).

Defendants do not explain how the discovery would be unduly burdensome, and it is manifest it would not be. Plaintiffs seek leave to serve two interrogatories on each responding Defendant limited to determining whether the Defendant has personal knowledge of Jacob Brown and what contact information each Defendant has for him. Answering two interrogatories on personal knowledge imposes no burden whatever.

Equally misplaced is Defendants' claim that Plaintiffs are attempting to "circumvent Defendants' Motion to Dismiss and its customary effect of suspending discovery." Defs.' Opp. ¶ 5. In this District, however, a pending motion to dismiss does not automatically suspend discovery. *See, e.g.*, *Mamo v. BP P.L.C.*, No. 1:05CV1323JCC, 2006 WL 897217, at *2–3 (E.D. Va. Apr. 5, 2006).

Moreover, it is well established that a court has "wide latitude in controlling discovery" and can allow discovery before a Rule 26(f) conference "when some unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time." *Hard Drive Prods., Inc. v. Does 1–30*, No. 2:11CV345, 2011 WL 2634166, at *1 (E.D. Va. July 1, 2011) (quoting *Rowland v. Am. Gen. Fin. Inc.*, 340 F.3d 187 (4th Cir. 2003) and *Fimab-Finanziaria Maglificio Biellese Fratelli S.p.A v. HelioImport/Export, Inc.*, 601 F. Supp. 1 (S.D. Fla. 1983)). Plaintiffs likely would be prejudiced if they were required to wait until the Rule 26(f) conference to conduct the instant discovery, something else Defendants do not deny. As explained

in their motion, some of the claims against Jacob Brown could become time-barred if Plaintiffs cannot locate and serve him now.

Defendants cite only a single case for the proposition that pre-Rule 26(f) discovery should be denied entirely unless a plaintiff can proactively establish that all of its claims would survive a motion to dismiss. *Millennium TGA, Inc. v. Doe*, No. 11-2258 SC, 2011 WL 1812786, at *2–3 (N.D. Cal. May 12, 2011). But as the *Hard Drive* Court noted, the denial of early discovery in that decision is an outlier at odds with "[a] majority of District Courts [that] have granted expedited discovery where evidence . . . may no longer be available at a later date." 2011 WL 2634166, at *2. Indeed, even the *Millenium* Court acknowledged that a court "may authorize earlier discovery 'for the convenience of the parties and in the interests of justice.'" *Millennium*, No. 11-2258 SC, 2011 WL 1812786, at *2.

The interests of justice support Plaintiffs' limited request. Plaintiffs ought to be allowed the limited discovery they seek to enable them to serve Jacob Brown now. But even if that discovery is to await the Rule 26(f) conference, the Court should not abate Mr. Brown until after Plaintiffs have been able to conduct discovery on his whereabouts after general discovery commences.

Date: July 12, 2023

Respectfully submitted,

SEALED PLAINTIFFS 1 and 2

By: /s/ Michael R. Shebelskie

Michael R. Shebelskie
VSB No. 27459
Kevin S. Elliker
VSB No. 87498
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street

Richmond, VA 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
mshebelskie@HuntonAK.com
kelliker@HuntonAK.com

Edward G. Caspar (admitted pro hac vice)

3

DC Bar No. 1644168
Arthur Ago (admitted pro hac vice)
DC Bar No. 463681
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1500 K Street, NW, Suite 900
Washington, DC 20005
Telephone:  (202) 662-8600
Facsimile:  (202) 783-0857
ecaspar@lawyerscommittee.org
aago@lawyerscommittee.org

Daniel J. Kramer (admitted pro hac vice)
NY Bar No. 1979392
Joshua Hill (admitted pro hac vice)
NY Bar No. 4297826
Gregory F. Laufer (admitted pro hac vice)
NY Bar No. 4614764
Robert J. O'Loughlin (admitted pro hac vice)
NY Bar No. 5225966
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 492-0441
dkramer@paulweiss.com
jhill@paulweiss.com
glaufer@paulweiss.com
roloughlin@paulweiss.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on July 12, 2023, I caused a copy of the foregoing to be electronically filed using the CM/ECF system, which will send notification to counsel of record of such filing by operation of the Court's electronic system.  Parties may access this filing via the Court's electronic system.  Additionally, copies have been sent to the following via Email:

Bradley P. Marrs (VSB#25281)
Marrs & Henry
7202 Glen Forest Drive, Suite 307
Richmond, VA 23226
Tel. (804) 662-5716
Fax (804) 662-5712
bmarrs@marrs-henry.com

Glen K. Allen
Glen Allen Law (MD-NA)
5423 Springlake Way
Baltimore, MD 21212
Tel: (410) 802-6453
Glenallenlaw@protonmail.com

/s/      Michael R. Shebelskie

Michael R. Shebelskie
VSB No. 27459
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219-4074
Telephone:  (804) 788-8200
Facsimile:  (804) 788-8218
mshebelskie@HuntonAK.com

*Counsel for Plaintiffs*

5