UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| **SEALED PLAINTIFF 1** | ) |
| **and** | ) |
| **SEALED PLAINTIFF 2,** | ) |
| | ) |
|     **Plaintiffs,** | ) Civil Action No. 3:22 cv 670-MHL |
| | ) |
| **v.** | ) |
| | ) |
| **PATRIOT FRONT, et al.** | ) |
| | ) |
|     **Defendants.** | ) |

**<u>DEFENDANT TURETCHI'S ANSWER TO AMENDED COMPLAINT</u>**

Defendant Daniel Turetchi hereby answers Plaintiffs Doe 1 and Doe 2's Amended Complaint as follows:

1. Defendant denies the allegations in the first sentence of paragraph 1 and states affirmatively that Patriot Front is not a white supremacist group and does not advocate for a white ethnostate. Defendant denies the allegations in the second sentence on the ground that they present an incomplete version of Patriot Front's mission and lend themselves to misinterpretation.

2. Defendant denies the allegations in paragraph 2.

3. Defendant admits on information and belief that the Arthur Ashe mural is located in a public park in the Battery Park neighborhood in Richmond, Virginia. Defendant admits on information and belief that the park where the mural is located includes many public

amenities, such as playgrounds, walking paths, and basketball and tennis courts. Defendant denies the remaining allegations in paragraph 3.

4. Defendant lacks knowledge or information sufficient to form a belief as to the extent of Mr. Ashe's achievements, the degree of pride Battery Park residents take in Mr. Arthur Ashe's legacy and roots in their city, and the extent to which generations of Black Americans have looked up to Mr. Ashe as a role model. On this basis Defendant denies the allegations in paragraph 4.

5. Defendant admits on information and belief that on or about October 21, 2021, the Arthur Ashe mural was covered with white paint and then spray painted with the Patriot Front Insignia. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 5.

6. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 6 and therefore denies them.

7. Paragraph 7 consists of Plaintiffs' summary of their own complaint and should not require admission or denial from Defendant. Defendant, however, denies that Plaintiffs' claims are meritorious.

8. Defendant admits the allegations in paragraph 8.

9. Defendant admits the allegations in paragraph 9.

10. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 10.

11. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 11.

12. Defendant denies the allegations in paragraph 12.

13. Defendant denies the allegations in paragraph 13.

14. Defendant admits on information and belief that Patriot Front was founded in 2017. Defendant denies the remaining allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15.

16. Defendant denies the allegations in paragraph 16.

17. As to the first sentence in paragraph 17, Defendant affirmatively asserts that Patriot Front does not advocate criminal acts and therefore does not engage in "campaigns of vandalism"; Defendant therefore denies the allegations in the first sentence. As to the second and third sentences, Defendant admits that Thomas Rousseau is the National Director of Patriot Front but denies the remaining allegations. As to the fourth sentence, Defendant admits only that, after the regrettable incident involving the Arthur Ashe mural described in plaintiffs' complaint, on information and belief Mr. Rousseau, to ensure that such acts would not occur again, required Patriot Front leadership approval of any actions involving murals.

18. Defendant denies the allegations in paragraph 18.

19. Defendant admits on information and belief the allegations in paragraph 19.

20. Defendant denies the allegations in paragraph 20.

21. Defendant admits that Thomas Rousseau is the founder and National Director of Patriot Front. Defendant is uncertain of the meaning of "defined hierarchical structure" and "oversees" and therefore denies all other allegations in paragraph 21.

22. Defendant admits that Patriot Front is organized into geographical chapters called "networks." Defendant admits that the highest-ranking member in each network is called

a "network director" and reports to Mr. Rousseau. Defendant denies all other allegations in paragraph 22.

23. Defendant admits that Thomas Rousseau is the founder and National Director of Patriot Front. Defendant is uncertain of the meaning of "supervises" in the second sentence and therefore denies the allegations in that sentence. Defendant denies the allegations in the third sentence. Defendant admits on information and belief the last sentence of this paragraph but denies that Defendant Rousseau or Patriot Front leadership knew about, planned, or approved the vandalism to the Arthur Ashe mural described in plaintiffs' complaint. Defendant denies all other allegations contained in paragraph 23.

24. Defendant admits that Paul Gancarz is also known as "Samuel VA" and was during the time of the conspiracy alleged in the complaint the Patriot Front Network Director for the region covering Virginia, the District of Columbia, Maryland, and Delaware. Defendant admits on information and belief that Paul Gancarz was present for, and participated in, a voice over IP audio conference on or about October 12, 2021 but denies that any conspiracy such as the complaint alleges occurred then or at any other time or that he or Mr. Gancarz planned, had advance knowledge of, or approved of the vandalism of the Arthur Ashe mural. Defendant denies all allegations in this paragraph not expressly admitted.

25. Defendant admits on information and belief the allegations in paragraph 25, except he denies that any planning relating to the vandalism of the Arthur Ashe mural took place at the voice over IP audio conference on or about October 12, 2021 and that any persons other than Mr. Noyce, Mr. Dail, and John Doe 1 knew about, planned, approved, or participated in the vandalism to the Arthur Ashe mural.

26. Defendant admits on information and belief the allegations in paragraph 26, except he denies that any planning relating to the vandalism of the Arthur Ashe mural took place at the voice over IP audio conference on or about October 12, 2021 and that any persons other than Mr. Noyce, Mr. Dail, and John Doe 1 knew about, planned, approved, or participated in the vandalism to the Arthur Ashe mural.

27. Defendant admits the allegations in the first sentence. As to the second sentence, Defendant admits he may have been present at the voice over IP audio conference on or about October 12, 2021. Defendant denies he "participated" in the audio conference in any way other than answering a question or two and listening. Defendant denies that any planning relating to the vandalism of the Arthur Ashe mural took place at the voice over IP audio conference on or about October 12, 2021 and that any persons other than Mr. Noyce, Mr. Dail, and John Doe 1 knew about, planned, approved, or participated in the vandalism to the Arthur Ashe mural. Defendant denies all allegations in this paragraph not expressly admitted.

28. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 28 and therefore denies them, in particular denying that any planning relating to the vandalism of the Arthur Ashe mural took place at the voice over IP audio conference on or about October 12, 2021.

29. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 29 and therefore denies them, in particular denying that any planning relating to the vandalism of the Arthur Ashe mural took place at the voice over IP audio conference on or about October 12, 2021.

30. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 30 and therefore denies them, in particular denying that any planning relating

to the vandalism of the Arthur Ashe mural took place at the voice over IP audio conference on or about October 12, 2021.

31. Defendant lacks knowledge and information sufficient to form a belief as to whether John Doe 1 was also known as "Christopher VA" and therefore denies this allegation. Defendant admits on information and belief that John Doe I participated in the vandalism of the Arthur Ashe mural. Defendant lacks knowledge and information sufficient to form a belief as to whether John Doe 1 was present for or participated in the voice over IP audio conference on or about October 12, 2021. Defendant denies all allegations in this paragraph not expressly admitted.

32. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 32 and therefore denies them, in particular denying that any planning relating to the vandalism of the Arthur Ashe mural took place at the voice over IP audio conference on or about October 12, 2021.

33. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 33 and therefore denies them, in particular denying that any planning relating to the vandalism of the Arthur Ashe mural took place at the voice over IP audio conference on or about October 12, 2021.

34. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 34 and therefore denies them, in particular denying that any planning relating to the vandalism of the Arthur Ashe mural took place at the voice over IP audio conference on or about October 12, 2021.

35. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 35 and therefore denies them, in particular denying that any planning relating

to the vandalism of the Arthur Ashe mural took place at the voice over IP audio conference on or about October 12, 2021.

36. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 36 and therefore denies them, in particular denying that any planning relating to the vandalism of the Arthur Ashe mural took place at the voice over IP audio conference on or about October 12, 2021.

37. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 37 and therefore denies them, in particular denying that any planning relating to the vandalism of the Arthur Ashe mural took place at the voice over IP audio conference on or about October 12, 2021.

38. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 38 and therefore denies them, in particular denying that any planning relating to the vandalism of the Arthur Ashe mural took place at the voice over IP audio conference on or about October 12, 2021.

39. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 39 and therefore denies them, in particular denying that any planning relating to the vandalism of the Arthur Ashe mural took place at the voice over IP audio conference on or about October 12, 2021.

40. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 40 of the complaint and therefore denies them.

41. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 41 of the complaint and therefore denies them.

42. Defendant admits on information and belief the allegations in paragraph 42.

43. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 43.

44. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 44.

45. Defendant admits that the Charlottesville Unite the Right Rally took place in August 2017. Defendant admits that the purpose of the rally was to object to the removal of a statue of General Robert E. Lee. Defendant denies the remaining allegations in paragraph 45.

46. Defendant denies that the message of the rally was "white supremacist" and that Richard Spencer and Jason Kessler are "infamous white nationalists" on the grounds that these characterizations are simplistic and inflammatory. Defendant admits the remaining allegations in paragraph 46.

47. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 47 and therefore denies them.

48. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 48 and therefore denies them.

49. Defendant denies the allegations in paragraph 49.

50. Defendant denies the allegations in paragraph 50.

51. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 51 and therefore denies them.

52. Defendant admits on information and belief the allegations in paragraph 52 but denies he had advance knowledge of or approved of these actions.

53. Defendant admits on information and belief the allegations in paragraph 53 but denies he had advance knowledge of or approved of these actions.

54. Defendant admits on information and belief the allegations in paragraph 54 but denies he had advance knowledge of or approved of these actions.

55. Defendant admits on information and belief the allegations in paragraph 55 but denies he had advance knowledge of or approved of these actions.

56. Defendant admits on information and belief the allegations in paragraph 56 but denies he had advance knowledge of or approved of these actions.

57. Defendant admits on information and belief the allegations in paragraph 57 but denies he had advance knowledge of or approved of these actions.

58. Defendant admits on information and belief the allegations in paragraph 58 but denies he had advance knowledge of or approved of these actions.

59. Defendant admits on information and belief the allegations in paragraph 59 but denies he had advance knowledge of or approved of these actions.

60. Defendant admits on information and belief the allegations in paragraph 60 but denies he had advance knowledge of or approved of these actions.

61. Defendant admits on information and belief the allegations in paragraph 61 but denies he had advance knowledge of or approved of these actions.

62. Defendant admits on information and belief the allegations in paragraph 62 but denies he had advance knowledge of or approved of these actions.

63. Defendant admits on information and belief the allegations in paragraph 63 but denies he had advance knowledge of or approved of these actions.

64. Defendant admits on information and belief the allegations in paragraph 64 but denies he had advance knowledge of or approved of these actions.

65. Defendant admits on information and belief the allegations in paragraph 65 but denies he had advance knowledge of or approved of these actions.

66. Defendant admits on information and belief the allegations in paragraph 66 but denies he had advance knowledge of or approved of these actions.

67. Defendant admits on information and belief the allegations in paragraph 67 but denies he had advance knowledge of or approved of these actions.

68. Defendant admits on information and belief the allegations in paragraph 68 but denies he had advance knowledge of or approved of these actions.

69. Defendant admits on information and belief the allegations in paragraph 69 but denies he had advance knowledge of or approved of these actions.

70. Defendant admits on information and belief the allegations in paragraph 70 but denies he had advance knowledge of or approved of these actions.

71. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 71 and therefore denies them.

72. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 72 and therefore denies them.

73. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 73 and therefore denies them.

74. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 74 and therefore denies them.

75. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 75 and therefore denies them.

76. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 76 and therefore denies them.

77. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 77 and therefore denies them.

78. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 78 and therefore denies them.

79. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 79 and therefore denies them.

80. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 80 and therefore denies them.

81. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 81 and therefore denies them

82. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 82 and therefore denies them.

83. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 83 and therefore denies them.

84. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 84 and therefore denies them.

85. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 85 and therefore denies them.

86. Except as expressly stated above in answers to paragraphs 1-85, Defendant denies each and every allegation in the amended complaint and further denies that Count I alleges a valid and meritorious claim against him.

87. Except as expressly stated above in answers to paragraphs 1-85, Defendant denies each and every allegation in the amended complaint and further denies that Count I alleges a valid and meritorious claim against him.

88. Except as expressly stated above in answers to paragraphs 1-85, Defendant denies each and every allegation in the amended complaint and further denies that Count I alleges a valid and meritorious claim against him.

89. Except as expressly stated above in answers to paragraphs 1-85, Defendant denies each and every allegation in the amended complaint and further denies that Count I alleges a valid and meritorious claim against him.

90. Except as expressly stated above in answers to paragraphs 1-85, Defendant denies each and every allegation in the amended complaint and further denies that Count I alleges a valid and meritorious claim against him.

91. Except as expressly stated above in answers to paragraphs 1-85, Defendant denies each and every allegation in the amended complaint and further denies that Count I alleges a valid and meritorious claim against him.

92. Except as expressly stated above in answers to paragraphs 1-85, Defendant denies each and every allegation in the amended complaint and further denies that Count I alleges a valid and meritorious claim against him.

93. Except as expressly stated above in answers to paragraphs 1-85, Defendant denies each and every allegation in the amended complaint and further denies that Count I alleges a valid and meritorious claim against him.

94. Except as expressly stated above in answers to paragraphs 1-85, Defendant denies each and every allegation in the amended complaint and further denies that Count I alleges a valid and meritorious claim against him.

95. Except as expressly stated above in answers to paragraphs 1-85, Defendant denies each and every allegation in the amended complaint and further denies that Count I alleges a valid and meritorious claim against him.

96. Except as expressly stated above in answers to paragraphs 1-85, Defendant denies each and every allegation in the amended complaint and further denies that Count II alleges a valid and meritorious claim against him.

97. Except as expressly stated above in answers to paragraphs 1-85, Defendant denies each and every allegation in the amended complaint and further denies that Count II alleges a valid and meritorious claim against him.

98. Except as expressly stated above in answers to paragraphs 1-85, Defendant denies each and every allegation in the amended complaint and further denies that Count II alleges a valid and meritorious claim against him.

99. Except as expressly stated above in answers to paragraphs 1-85, Defendant denies each and every allegation in the amended complaint and further denies that Count II alleges a valid and meritorious claim against him.

100. Except as expressly stated above in answers to paragraphs 1-85, Defendant denies each and every allegation in the amended complaint and further denies that Count II alleges a valid and meritorious claim against him.

101. Except as expressly stated above in answers to paragraphs 1-85, Defendant denies each and every allegation in the amended complaint and further denies that Count II alleges a valid and meritorious claim against him.

102. Except as expressly stated above in answers to paragraphs 1-85, Defendant denies each and every allegation in the amended complaint and further denies that Count II alleges a valid and meritorious claim against him.

103. Except as expressly stated above in answers to paragraphs 1-85, Defendant denies each and every allegation in the amended complaint and further denies that Count II alleges a valid and meritorious claim against him.

104. Except as expressly stated above in answers to paragraphs 1-85, Defendant denies each and every allegation in the amended complaint and further denies that Count II alleges a valid and meritorious claim against him.

105. Except as expressly stated above in answers to paragraphs 1-85, Defendant denies each and every allegation in the amended complaint and further denies that Count II alleges a valid and meritorious claim against him.

106. Except as expressly stated above in answers to paragraphs 1-85, Defendant denies each and every allegation in the amended complaint and further denies that Count II alleges a valid and meritorious claim against him.

107. Except as expressly stated above in answers to paragraphs 1-85, Defendant denies each and every allegation in the amended complaint and further denies that Count II alleges a valid and meritorious claim against him.

108. Except as expressly stated above in answers to paragraphs 1-85, Defendant denies each and every allegation in the amended complaint and further denies that Count II alleges a valid and meritorious claim against him.

109. Except as expressly stated above in answers to paragraphs 1-85, Defendant denies each and every allegation in the amended complaint and further denies that Count II alleges a valid and meritorious claim against him.

110. Except as expressly stated above in answers to paragraphs 1-85, Defendant denies each and every allegation in the amended complaint and further denies that Count III alleges a valid and meritorious claim against him.

111. Except as expressly stated above in answers to paragraphs 1-85, Defendant denies each and every allegation in the amended complaint and further denies that Count III alleges a valid and meritorious claim against him.

112. Except as expressly stated above in answers to paragraphs 1-85, Defendant denies each and every allegation in the amended complaint and further denies that Count III alleges a valid and meritorious claim against him.

113. Except as expressly stated above in answers to paragraphs 1-85, Defendant denies each and every allegation in the amended complaint and further denies that Count III alleges a valid and meritorious claim against him.

114. Except as expressly stated above in answers to paragraphs 1-85, Defendant denies each and every allegation in the amended complaint and further denies that Count III alleges a valid and meritorious claim against him.

115. Except as expressly stated above in answers to paragraphs 1-85, Defendant denies each and every allegation in the amended complaint and further denies that Count III alleges a valid and meritorious claim against him.

116. Except as expressly stated above in answers to paragraphs 1-85, Defendant denies each and every allegation in the amended complaint and further denies that Count III alleges a valid and meritorious claim against him.

**AFFIRMATIVE AND OTHER DEFENSES**

117. Plaintiffs' amended complaint fails to state a claim on which relief may be granted.

118. Some or all of plaintiffs' claims are or may be barred by applicable statutes of limitations.

119. Some or all of plaintiffs' claims are or may be barred by the doctrine of laches.

Dated:

DANIEL TURETCHI


By:_____/s/_____
       Counsel



Bradley P. Marrs (VSB#25281)
Marrs & Henry
7202 Glen Forest Drive, Suite 307
Richmond, VA  23226
Tel. (804) 662-5716
Fax (804) 662-5712
bmarrs@marrs-henry.com


Glen K. Allen, *Pro Hac Vice*
Glen Allen Law
5423 Springlake Way

16

Baltimore, MD  21212 Tel. (410) 802-6453
glenallenlaw@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2024, a true and accurate copy of the foregoing was served via ECF procedures of this Court to the following counsel of record:

Michael R. Shebelskie
Hunton Andrews Kurth LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219-4074
mshebelskie@huntonak.com

Ryan P. Phair
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, NW, Suite 900
Washington, DC  20037-1701
rphair@huntonak.com

Edward G. Caspar
Arthur Ago
Lawyers' Committee for Civil Rights Under Law
1500 K Street, NW, Suite  900
Washington, DC  20005
aago@lawyerscommittee.org

                                                  _____/s/_____
                                                  Bradley P. Marrs (VSB#25281)
                                                  Marrs & Henry
                                                  7202 Glen Forest Drive, Suite 307
                                                  Richmond, VA  23226
                                                  Tel. (804) 662-5716   Fax (804) 662-5712
                                                  bmarrs@marrs-henry.com
                                                  *Counsel for defendants*