IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SEALED PLAINTIFF 1,

and

SEALED PLAINTIFF 2,

    Plaintiffs,

v.                                                Civil Action No. 3:22-cv-00670

PATRIOT FRONT, *et al.*,

    Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on Defendants Nathan Noyce, Thomas Dail, Paul Gancarz, Daniel Turetchi, and Aedan Tredinnick's (collectively, "Defendants")[1] Motion for Certification of the Court's March 31, 2024 Order for Interlocutory Appeal Under 28 U.S.C. § 1292(b)[2] (the "Motion to Certify" or "Motion"). (ECF No. 137.) Sealed Plaintiff 1 and Sealed Plaintiff 2 ("Plaintiffs") responded in opposition, (ECF No. 141), and Defendants replied, (ECF No. 143).

---

[1] The Clerk has entered default against the following four Defendants: (1) Patriot Front; (2) Thomas Rousseau; (3) William Ring; and, (4) Jacob Brown. (ECF Nos. 104, 105, 118.) Plaintiffs also bring this lawsuit against John Does 1-19. For clarity, unless otherwise specified, the Court's references to "Defendants" throughout this memorandum opinion shall only refer to Defendants who have joined this Motion.

[2] Section 28 U.S.C. 1292(b) reads, in relevant part,

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance

The matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid in the decisional process. For the reasons that follow, the Court will deny Defendants' Motion to Certify.

## I. Factual and Procedural Background

### A. Factual Background of Amended Complaint

This controversy arises from Defendants' alleged involvement in the October 18, 2021 vandalism of a mural of renowned tennis player Arthur Ashe located in Battery Park in Richmond, Virginia. (ECF No. 31 ¶ 3.) Plaintiffs allege that this vandalism was racially motivated and occurred in furtherance of a conspiracy to deprive Battery Park residents, including Plaintiffs, of equal access to the park in violation of the Ku Klux Klan Act of 1871, 42 U.S.C. § 1985, *et seq.*, and Virginia Code § 8.01-42.1. (ECF No. 31 ¶¶ 86–95, 110–16.)[3]

### B. Procedural Background

On March 31, 2024, the Court issued a Memorandum Opinion and Order (the "March 2024 Order") denying Defendants' Motion to Dismiss the Amended Complaint, (ECF No. 102). (ECF Nos. 127, 128.)

---

> the ultimate termination of the litigation, he [or she] shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order[.]

28 U.S.C. § 1292(b).

[3] A more detailed summary of the allegations in the Amended Complaint is provided in the Court's March 31, 2024 Memorandum Opinion denying Defendants' Motion to Dismiss, (ECF No. 102). (*See* ECF No. 127, at 2–16.)

2

In its March 2024 Order, relevant to the Motion to Certify, the Court rejected three arguments raised in Defendants' motion to dismiss: (1) that *Counterman v. Colorado*, 600 U.S. 66 (2023), applies here, and that Plaintiffs fail to plausibly allege a *mens rea* of at least recklessness by Defendants; (2) that Plaintiffs fail to establish Article III standing; and, (3) that 42 U.S.C. § 1985(3)'s scope does not extend to the alleged conspiracy. (ECF No. 127, at 22–23, 49, 62; ECF No. 138, at 2.)

Defendants subsequently filed the Motion to Certify asking the Court to designate for appeal its March 31, 2024 rejection of the three arguments summarized above. (ECF No. 138, at 2.) For the reasons that follow, the Court will deny the Motion to Certify pursuant to 28 U.S.C. § 1292(b). (ECF No. 137.)

## II. Legal Standard:  28 U.S.C. § 1292(b)

Section 28 U.S.C. § 1292(b) authorizes a district court, in rendering an otherwise unappealable order in a civil action, to state in writing that: (1) "such order involves a controlling question of law;" (2) "as to which there is substantial ground for difference of opinion;" and, (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

"The Court must begin a [§] 1292(b) analysis by emphasizing the gravity of the relief sought in such a request." *Hutchens v. Cap. One Servs., LLC*, No. 3:19-cv-546 (MHL), 2020 WL 6121950, at *3 (E.D. Va. Oct. 16, 2020) (internal quotation marks and citation omitted). "Section 1292(b) is not intended to allow interlocutory appeals in ordinary suits . . . but instead should be utilized for orders deemed pivotal and debatable." *Virginia ex rel. Integra Rec LLC v. Countrywide Sec. Corp.*, No. 3:14-cv-706 (MHL), 2015 WL 3540473, at *3 (E.D. Va. June 3, 2015) (internal citations omitted). The United States Court of Appeals for the Fourth Circuit has

3

repeatedly "cautioned that § 1292(b) should be used sparingly and thus that its requirements must be strictly construed." *United States ex. rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340 (4th Cir. 2017) (internal quotation marks and citation omitted). "As a result, a party seeking leave to file an interlocutory appeal must establish all three elements to obtain the appeal." *Gibbs v. Elevate Credit, Inc.*, No. 3:20-cv-632 (MHL), 2021 WL 4851066, at *13 (E.D. Va. Oct. 17, 2021) (internal quotation marks and citations omitted). Even if all the requirements of Section 1292(b) are met, the district court has "unfettered discretion" to deny a motion to certify issues for interlocutory appeal absent exceptional circumstances. *Hinton v. Va. Union Univ.*, No. 3:15-cv-569 (REP), 2016 WL 3922053, at *7 (E.D. Va. July 20, 2016) (citing *United States ex rel. Howard v. Harmer Constr. Co.*, No. 7:12-cv-215, 2015 WL 9463103, at *1 (E.D.N.C. Dec. 28, 2015)).

### A. A Controlling Question of Law

"While controlling questions may include those 'whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes,' a question need not prove completely dispositive of litigation to present a controlling question of law." *Hutchens*, 2020 WL 6121950, at *4 (quoting *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438 (4th Cir. 1989)). "When the resolution of a question would not completely end the litigation altogether, district courts look to whether the immediate appeal would be serious to the conduct of the litigation, either practically or legally." *Id.* (quotation marks and citation omitted.) "A legal issue is controlling if it could materially affect the outcome of the case." *Id.* (quotation marks and citation omitted). The Fourth Circuit has observed that "§ 1292(b) review may be appropriate where the court of appeals can rule on a pure, controlling question of law without

4

having to delve beyond the surface of the record in order to determine the facts." *United States ex rel. Michaels*, 848 F.3d at 340-41 (internal quotation and citation omitted).

### B.  Substantial Ground for Disagreement

"[A] substantial ground for disagreement may arise if there is a novel *and* difficult issue of first impression." *Gibbs*, 2021 WL 4851066, at *13 (emphasis added) (internal quotation marks omitted) (quoting *United States ex rel. AI Procurement, LLC v. Thermcor, Inc.*, 173 F. Supp. 3d 320, 323 (E.D. Va. 2016)); *see also Cooke-Bates v. Bayer Corp.*, No. 3:10-cv-261 (JRS), 2010 WL 4789838, at *2 (E.D. Va. Nov. 16, 2010) (observing that "[s]ome courts have certified issues of first impression . . . where the issue is particularly difficult" (internal quotation marks and citation omitted)). "'That non-binding precedent in other jurisdictions may counsel a different result does not constitute substantial grounds for a difference of opinion.'" *Hinton*, 2016 WL 3922053, at *8 (quoting *United States ex rel. Howard v. Harper Constr. Co.*, No. 7:12–cv–215, 2015 WL 9463103, at *2 (E.D.N.C. Dec. 28, 2015)).

"The level of uncertainty required to find a substantial ground for difference of opinion should be adjusted to meet the importance of the question in the context of the specific case." *In re Health Diagnostic Lab'y, Inc.*, No. 15-32919 (HEH), 2017 WL 2129849, at *4 (E.D. Va. May 16, 2017) (internal quotation marks and citation omitted); *see also* 16 Wright et al., Federal Practice & Procedure § 3930) ("If proceedings that threaten to endure for several years depend on an initial question of jurisdiction, limitations, or the like, certification may be justified at a relatively low threshold of doubt.").

### C.  Materially Advance the Ultimate Termination of the Litigation

"In determining whether immediate appeal would advance termination of the litigation, courts may look to whether 'early appellate review might avoid protracted and expensive

5

litigation.'" *Hutchens*, 2020 WL 6121950, at *6 (quoting *Xoom, Inc. v. Imageline, Inc.*, No. 3:98-cv-542 (JRS), 1999 WL 1611444, at *1 (E.D. Va. Sept. 3, 1999)). District courts "should consider whether an immediate appeal would: (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Health Diagnostic Lab'y, Inc.*, 2017 WL 2129849, at *5 (internal quotation marks and citation omitted).

The mere fact that the resolution of the question sought to be certified "'may save pre-trial and trial effort and expense is not determinative.'" *Hutchens*, 2020 WL 6121950, at *6 (quoting *Fannin*, 873 F.2d at 1438). Such speculation, of course, can be said of any interlocutory appeal. Therefore, Courts employ "a case-specific analysis to determine whether the time and expense saved on interlocutory appeal would materially advance the ultimate termination of the litigation." *Id.* (internal quotation marks and citation omitted).

### III. Analysis

Mindful of the strict preconditions for the *extraordinary* remedy of an interlocutory appeal, the Court will not certify an interlocutory appeal on the issues of whether (1) *Counterman v. Colorado*, 600 U.S. 66 (2003), applies to this civil matter, and whether Plaintiffs plausibly allege a *mens rea* of at least recklessness by Defendants, (2) Plaintiffs establish Article III standing, or (3) that 42 U.S.C. § 1985(3)'s scope does not extend to the alleged conspiracy. For all three questions, Defendants fail to bring to the Court's attention an issue upon which a substantial ground for disagreement exists.[4] Accordingly, the Court will deny the Motion to Certify under 28 U.S.C. § 1292(b).

---

[4] Because the Court concludes that substantial grounds for disagreement do not exist with respect to these three issues, the Court need not, and does not, opine on any of the three issues as to whether Defendants raise a controlling question of law or whether resolution of the issues

6

A. **No Substantial Difference of Opinion Exists Regarding the Application of *Counterman v. Colorado*, or Whether Plaintiffs Plausibly Allege at Least Recklessness**

As explained in the March 2024 Order, in *Counterman*, the United States Supreme Court articulated a subjective standard of recklessness for *criminal* prosecution of true threats. (ECF No. 127, at 62 (citing 600 U.S. at 82).) Rejecting Defendants' arguments to the contrary, the Court concluded that *Counterman* does not apply to civil cases, and even if it did, Plaintiffs allege facts from which "it is plausible to infer at least recklessness." (ECF No. 127, at 62–65.) In their Motion to Certify, Defendants contend that a substantial ground for difference of opinion exists with respect to both of these conclusions. (ECF No. 138, at 4–7.) None of Defendants' citations support either conclusion.

To support their proposition that *Counterman* should apply to civil cases, a matter of first impression in the Fourth Circuit, Defendants first cite to Justice Barrett's dissent in *Counterman*, joined only by Justice Thomas. (ECF No. 138, at 4–5.) In her dissent, Justice Barrett states that *Counterman*'s "holding affects the civil consequences for true threats just as much as it restricts criminal liability." (ECF No. 141, at 10 (quoting 600 U.S. at 118 (emphasis omitted)).) Justice Barrett does not provide any citation in support of this proposition, nor was *Counterman*'s applicability to civil cases at issue in *Counterman*. As this Court stated in its March 2024 Order, this Court is not persuaded by this dicta in Justice Barrett's dissent, nor is it bound by it. (ECF No. 127, at 63 n.37.)

---

raised will advance the ultimate termination of litigation. *See, e.g., Cooke-Bates v. Bayer Corp.*, No. 3:10-cv-261 (JRS), 2010 WL 4789838, at *2 n.4 (E.D. Va. Nov. 16, 2010) ("The Court need not decide [whether Cooke-Bates raises a controlling question of law or whether resolution of the issues she raises will advance the ultimate termination of litigation], since the Court concludes substantial grounds for disagreement do not exist[.]").

7

Moreover, an argument raised in a two-justice dissent, especially one not at issue in the case, does not constitute evidence that a substantial ground for difference of opinion exists. *See, e.g., David v. Alphin*, No. 3:07-CV-11, 2009 WL 3633889, at *4 (W.D.N.C. Oct. 30, 2009) (argument raised in a dissent and two amicus briefs "not evidence that there is a substantial ground for difference of opinion"); *United States v. Adam Bros. Farming, Inc.*, 369 F. Supp. 2d 1180, 1184 (C.D. Cal. 2004) (rejecting argument that dissent in Ninth Circuit case "g[a]ve rise to substantial grounds for differences of opinion" where dissent did not address precise legal question at issue).

Second, Defendants cite to Justice Sotomayor's non-precedential statement respecting the denial of certiorari in the civil case *Mckesson v. Doe*. (ECF No. 138, at 5 (citing 144 S. Ct. 913, 914 (2024).) Specifically, Justice Sotomayor encouraged lower courts to "give full and fair consideration to arguments regarding *Counterman*'s impact in any future proceedings in this case." 144 S. Ct. at 914. Defendants also cite to *Cider Riot LLC v. Patriot Prayer USA, LLC*, 544 P.3d 363 (Or. Ct. App. 2024). (ECF No. 138, at 5.) In *Cider Riot*, an intermediate state appellate court in Oregon applied *Counterman* in a civil First Amendment lawsuit to conclude that "the First Amendment does not allow for imposition of liability for speech or for protest organization based on a negligence standard." 544 P.3d at 381. Neither citation establishes a *substantial* ground for difference of opinion. *See Hinton*, 2016 WL 3922053, at *8 ("'That non-binding precedent in other jurisdictions may counsel a different result does not constitute substantial grounds for a difference of opinion.'" (quoting *United States ex rel. Howard*, 2015 WL 9463103, at *2)). The Motion to Certify fails on this ground.

Third, Defendants challenge the Court's conclusion that Plaintiffs have plausibly alleged that Defendants acted with a *mens rea* of at least recklessness, thereby satisfying *Counterman*'s

8

*mens rea* standard regardless of whether it applies. (ECF No. 127, at 63–65; ECF No. 138, at 5–7.) In raising this argument, Defendants do not challenge the accuracy of Plaintiff's factual allegations. Rather, Defendants assert that applying *Counterman*'s recklessness standard constitutes a "novel and difficult issue of first impression" because its affect on the pleading standards for true threat cases is analogous to the "profound change[]" that the "constitutional malice" standard set forth in *New York Times v. Sullivan*, 376 U.S. 254 (1964) had on defamation actions. (ECF No. 138, at 6–7.)

Of course, the recklessness standard *itself* is not novel. Because applying a recklessness standard to the well-plead allegations in a motion to dismiss is far from novel or difficult, and because Defendants fail to identify any case law suggesting otherwise, the Court will deny their extraordinary request for an interlocutory appeal on this ground. In sum, all three arguments Defendants present fail to assert a ground on which a substantial difference of opinion as to this Court's finding of recklessness could exist.

### B. No Substantial Difference of Opinion Exists Regarding Whether Plaintiffs Establish Article III Standing

In their Motion to Dismiss, and again in their Motion to Certify, Defendants argue that Plaintiffs lack Article III standing because Plaintiffs allege no concrete, particularized injury in fact. (ECF No. 103, at 6–10; ECF No. 138, at 8–10.) In its March 2024 Order, this Court rejected this argument, concluding that Plaintiffs sufficiently allege cognizable injury in fact where their emotional injuries and ensuing limitations on accessing Battery Park both "stem from the racially motivated vandalism of the mural and the message it sent to patrons of the Park." (ECF No. 127, at 26–30.) To support this conclusion, the Court applied case law from the Supreme Court, the Fourth Circuit, and other federal courts. (*See* ECF No. 127, at 23–30.)

This is not a matter of first impression, and substantial ground for disagreement over this issue does not exist. Defendants fail to identify case law establishing otherwise in their Motion to Certify, and instead recite routinely-applied black letter law from *Lujan v. Defenders of Wildlife*, 505 U.S. 555 (1992), and *Spokeo v. Robins*, 578 U.S. 330 (2016) that the Court itself applied to its standing analysis. (ECF No. 138, at 8–9; ECF No. 127, at 23–30.)

In their Reply, Defendants also cite to a number of cases cited in the March 2024 Order,[5] and postulate that the Fourth Circuit may draw principles from them that are contrary to the Court's Order. (ECF No. 143, at 5–6; ECF No. 127, at 24–25.) The Fourth Circuit has explained that § 1292(b) review is inappropriate where "the question presented turns on . . . whether the district court properly applied settled law to the facts or evidence of a particular case." *United States ex rel. Michaels*, 848 F.3d at 341 (internal quotation marks and citation omitted). A litigant's disagreement with a court's ruling does not establish a substantial ground for difference of opinion. *See Hutchens*, 2020 WL 6121950, at *5 (stating that a substantial ground for difference of opinion exists "if courts, *as opposed to parties*, disagree on a controlling question of law" (emphasis added) (internal quotation marks omitted)). The Court will deny Defendants' request for an extraordinary remedy on this ground.

C. **No Substantial Difference of Opinion Exists Regarding Defendants' Unsupported Contention that a § 1985(3) Claim Requires Criminal Conduct**

The Court now turns to the last basis for Defendants' Motion to Certify—the proper scope of 42 U.S.C. § 1985(3). Specifically, Defendants contend that to have an actionable claim

---

[5] Specifically, in their Reply, Defendants cite to the following cases in support of their Article III standing argument: *Sines v. Kessler*, 324 F.Supp. 3d 765 (W.D. Va. 2018), *Johnson v. Hugo's Skateway*, 974 F.2d 1408 (4th Cir. 1992), *National Coalition on Black Civic Participation v. Wohl*, 512 F. Supp. 3d 500 (S.D.N.Y. 2021), and *Thompson v. Trump*, 590 F. Supp. 3d 46 (D.D.C. 2022). (ECF No. 143, at 5–6.) The Court cited to all four opinions in its March 2024 Order. (ECF No. 127, at 24–25.)

10

under § 1985(3), Plaintiffs must "plausibly identify criminal statutes under which Defendants here would be convicted." (ECF No. 138, at 12.) Defendants provide only a paucity of analysis addressing this broad issue. (ECF No. 138, at 10–13; ECF No. 143, at 7.)

As a threshold matter, Defendants' presentation of this issue is procedurally improper. In support of their Motion to Dismiss, Defendants argued that Plaintiffs' claims went beyond the scope of what is actionable under §1985(3). (ECF No. 103, at 13 (contending that § 1985(3) applies only to conspiracies involving "involuntary servitude or [the] right of interstate travel").) Then, for the first time at oral argument, Defendants advanced a different argument.[6] Specifically, Defendants argued that a § 1985(3) claim can only succeed where Plaintiffs can identify an underlying violation of a criminal statute enacted by Congress pursuant to its power

---

[6] It is procedurally improper to raise an argument for the first time at oral argument. Eastern District of Virginia Local Civil Rule 7(F) requires motions to "be accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies." E.D. Va. Loc. Civ. R. 7(F)(1). Raising a new argument "for the first time at oral argument undermines the purpose of orderly briefing and risks subjecting an opponent to an unfair disadvantage." *United States v. Afsharjavan*, No. 1:15-CR-144 (JCC), 2015 WL 5638099, at *4 (E.D. Va. Sept. 24, 2015) (internal quotation marks and citation omitted) (applying companion E.D. Va. Local Criminal Rule 47(F)). As such, courts are loath to consider such untimely arguments, but have discretion to do so if they wish. *See, e.g., id.* (considering argument raised for the first time at oral argument "[d]espite this procedural impropriety"); *Durvin v. United States*, No. 3:11-CV-575 (MHL), 2012 WL 1999862, at *1 n.10 (E.D. Va. June 4, 2012) (declining to consider argument raised for the first time at oral argument) (citing *N.C. Alliance for Transp. Reform, Inc. v. U.S. Dep't of Transp.*, 713 F. Supp. 2d 491, 510 (M.D.N.C. 2010)).

under the Thirteenth Amendment, citing to criminal statutes 18 U.S.C. §§ 241[7] and 245.[8] (ECF No. 136, at 13:13–19:19.)

---

[7] 18 U.S.C. § 241 provides:

If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him [or her] by the Constitution or laws of the United States, or because of his [or her] having so exercised the same; or

If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his [or her] free exercise or enjoyment of any right or privilege so secured—

They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

18 U.S.C. § 241.

[8] 18 U.S.C. § 245 provides, in relevant part:

(b) Whoever, whether or not acting under color of law, by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure, intimidate or interfere with—
   *  *  *
   (2) any person because of his [or her] race, color, religion or national origin and because he [or she] is or has been—

      (A) enrolling in or attending any public school or public college;

      (B) participating in or enjoying any benefit, service, privilege, program, facility or activity provided or administered by any State or subdivision thereof;

      (C) applying for or enjoying employment, or any perquisite thereof, by any private employer or any agency of any State or subdivision thereof, or joining or using the services or advantages of any labor organization, hiring hall, or employment agency;

12

The Supreme Court and Fourth Circuit have stated that a private conspiracy is actionable under § 1985(3) where the conspiracy is "aimed at depriving the plaintiffs of the rights protected by the Thirteenth Amendment." *United Broth. Of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott*, 463 U.S. 825, 832–33 (1983); *see also Harrison v. KVAT Food Mgmt., Inc.*, 766 F.2d 155, 158 (4th Cir. 1985) (observing that in *Griffin v. Breckenridge*, 403 U.S. 88 (1971), the "[Supreme] Court held that [§ 1985(3)] does create a cause of action for certain kinds of private action interfering with . . . Thirteenth Amendment rights").

The March 2024 Order concluded that the racially motivated deprivation of the right to enjoy a public accommodation such as Battery Park constitutes a denial amounting to a badge of slavery prohibited by the Thirteenth Amendment—and therefore such a denial is actionable

---

> (D) serving, or attending upon any court of any State in connection with possible service, as a grand or petit juror;
>
> (E) traveling in or using any facility of interstate commerce, or using any vehicle, terminal, or facility of any common carrier by motor, rail, water, or air;
>
> (F) enjoying the goods, services, facilities, privileges, advantages, or accommodations of any inn, hotel, motel, or other establishment which provides lodging to transient guests, or of any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility which serves the public and which is principally engaged in selling food or beverages for consumption on the premises, or of any gasoline station, or of any motion picture house, theater, concert hall, sports arena, stadium, or any other place of exhibition or entertainment which serves the public, or of any other establishment which serves the public and (i) which is located within the premises of any of the aforesaid establishments or within the premises of which is physically located any of the aforesaid establishments, and (ii) which holds itself out as serving patrons of such establishments . . .
>
> shall be fined under this title, or imprisoned not more than one year, or both[.]

18 U.S.C. § 245(b).

under § 1985(3). (ECF No. 127, at 52–54.)  To reach this conclusion, the Court relied on precedent from the United States Supreme Court and from lower federal courts. (ECF No. 127, at 40–43, 52–54).

In their cursory argument, Defendants identify no legal authority that would support a finding that substantial grounds for difference of opinion exists as to this issue.  Rather, to the extent Defendants discuss any case law at all in support of their argument that a § 1985(3) claim requires the violation of a criminal statute, Defendants cite to cases that the Court already applied in its March 31, 2024 Order. (*See* ECF No. 138, at 11–13; ECF No. 143, at 7 (citing cases discussed in ECF No. 127, at 40–41, 49–55).)  Defendants also present a hypothetical scenario asserting, again citing case law already applied in the March 31 Order, that if Defendants were prosecuted under 18 U.S.C § 245 and then acquitted, Plaintiffs' civil § 1985(3) claim could not survive. (ECF No. 138, at 11.)  Defendants' reliance on case law already discussed and relied on in the March 31 Order to draw contrary conclusions merely restates Defendants' disagreement with the March 31 Order.  As explained above in Section III.B, a litigant's disagreement with a court's ruling does not establish a substantial ground for difference of opinion.  *See Hutchens*, 2020 WL 6121950, at *5.  Because Defendants fail to provide any case law raising a substantial ground for difference of opinion on this issue as it is presented, the Court will deny Defendants' request for an extraordinary remedy on this ground.

14

### IV. Conclusion

For the foregoing reasons, the Court will deny Defendants' Motion to Certify. (ECF No. 137.)

An appropriate Order shall issue.

Date: 08/02/24  
Richmond, Virginia

/s/ 
M. Hannah Lauck  
United States District Judge

15