IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SEALED PLAINTIFF 1

and

SEALED PLAINTIFF 2,   Civil Action No. 3:22cv670

      Plaintiffs,

v.

PATRIOT FRONT, *et al.,*

      Defendants.

## MEMORANDUM ORDER

This matter comes before the Court on Defendant William Ring's Motion to Retract Entry of Default (the "Motion"). (ECF No. 167.) The Plaintiffs, Sealed Plaintiff 1 and Sealed Plaintiff 2, responded in opposition to the Motion, (ECF No. 174), and Mr. Ring did not reply.

The matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid in the decisional process.

For the reasons articulated below, the Court will deny the Motion. (ECF No. 167.)

### I. Factual Allegations and Procedural Background

This case arises from the Defendants' alleged "conspiracy to terrorize members of the historically Black Battery Park neighborhood in Richmond, Virginia." (ECF No. 174, at 5.) Plaintiffs allege that on October 12, 2021, "members of the white supremacist group Patriot Front, including Defendant William Ring, held a meeting, during which they planned to vandalize a mural in Battery Park celebrating Arthur Ashe." (ECF No. 174, at 5.) Defendant Paul Gancarz "admitted in his Answer that [Mr.] Ring participated in the October 12, 2021[]

meeting." (ECF No. 174, at 9; *see also* ECF No. 132 ¶ 29.) According to Plaintiffs, on October 18, 2021, several other Defendants in this case "carried out the group's plan." (ECF No. 174, at 5.)

On January 9, 2023, copies of the Amended Complaint were served on Mr. Ring at Fayette County Prison. (*See* Declaration of Michael R. Shebelskie, ECF 101-1, at ¶ 5 ("Shebelskie Decl.").) Upon serving the summons and Amended Complaint "on [Mr.] Ring at the Fayette County Prison, Plaintiffs' counsel made inquiries to the facility and confirmed that [Mr.] Ring was indeed, an inmate there." (ECF No. 174, at 7; *see also* Shebelskie Decl. ¶ 6.) The process server confirmed that "the summons and Amended Complaint were personally delivered to one 'Lt. Mattie, who informed [the process server] that she is an agent authorized by appointment to receive service at' the Fayette County Prison." (ECF No. 174, at 6 (brackets in original); *see also* ECF No. 54, at 2.) Mr. Ring "never responded to the Amended Complaint after being served." (ECF No. 174, at 5.)

On July 26, 2023, after the Plaintiffs settled their claims with the Defendants who responded to the Amended Complaint, "the Clerk of Court, on Plaintiffs' request, entered default against [the] non-appearing Defendants", who included Mr. Ring. (ECF No. 174, at 5; *see generally* ECF Nos. 101; 105.) The Plaintiffs then decided to serve Mr. Ring with a copy of the Clerk's entry of default against him. (ECF No. 174, at 7.) While working to effectuate that service, the Plaintiffs "learned that—*after* the Clerk's entry of default was issued—Ring had been convicted and sentenced for the criminal charges pending against him in Pennsylvania, and now resides at SCI-Mercer, a Pennsylvania state prison." (ECF No. 174, at 7 (emphasis in original).) On February 26, 2025, the "Plaintiffs accordingly served the entry of default on him at SCI-Mercer" by mail. (ECF No. 174, at 7; *see* ECF No. 174-1.)

2

On March 13, 2025, approximately 18 months after having been served the Entry of Default and more than two years after being served with the Amended Complaint, Mr. Ring mailed a handwritten Motion asking that the "entry of default against [him] be retracted" because he claims he "was never served any notice of this suit.'" (ECF No. 167, at 1.) Mr. Ring alleges that he received the Plaintiffs' mailing containing the entry of default on March 7, 2025. (ECF No. 167, at 1.) On March 27, 2025, the Plaintiffs responded in opposition to Mr. Ring's Motion. (ECF No. 174.) To date, Mr. Ring has not replied, and his time to do so has expired.

## II. Standard of Review

Federal Rule of Civil Procedure 55(c) governs setting aside an entry of default or default judgment. That rule provides that a district court may "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "The disposition of motions made under Rule[] 55(c) . . . is a matter which lies largely within the discretion of the trial judge and his [or her] action is not lightly to be disturbed by an appellate court." *Consolidated Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967). A district court does not abuse its discretion in denying a motion under Rule 55(c) "unless it clearly appears that the District Court was clearly wrong in finding that good cause had not been shown for setting aside the default." *Id.*

In deciding whether to set aside the entry of a party's default, the district court should consider: (1) "whether the moving party has a meritorious defense," (2) "whether it acts with reasonable promptness," (3) "the personal responsibility of the defaulting party," (4) "the prejudice to the party," (5) "whether there is a history of dilatory action," and (6) "the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006) (citing *Consolidated Masonry*, 383 F.2d at 251). Determining whether a

party has taken reasonably prompt action, "must be gauged in light of the facts and circumstances of each occasion." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). And in order to establish a meritorious defense, the party need only "present[] or proffer . . . evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *Id.*

### III.  Analysis

The Motion seeks to retract the Court's entry of default as to Mr. Ring.  Because Mr. Ring failed to identify "good cause" for this Court to set aside its entry of default against him, Mr. Ring's Motion will be denied.  (ECF No. 167.)

The Court will now turn to the first *Payne* factor—whether Mr. Ring has a meritorious defense.

#### A.  Mr. Ring Has Not Shown That He Would Have A Meritorious Defense

On March 13, 2025, nearly two years after default judgment was ordered, Mr. Ring mailed a handwritten letter asking, "that the 'entry of default against [him] be retracted' because he claims he 'was never served any notice of this suit.'" (ECF No. 167, at 1.)  In his Motion, Mr. Ring makes no argument in his defense on the merits of the case.  He does, however, attempt to assert "that [he] was never served any notice of this suit, nor was [he] aware[] [of] the fact that [he] was a defendant in anything of the kind." (ECF No. 167, at 1.)[1]

---

[1] Mr. Ring's statement regarding his lack of adequate notice is contradicted by the record in this case.  Upon serving the summons and Amended Complaint, "Plaintiffs' counsel made inquiries to the [Fayette County Prison] facility and confirmed that [Mr.] Ring was indeed, an inmate there." (ECF No. 174, at 7; *see also* Shebelskie Decl. ¶ 6.)  The Plaintiffs served Mr. Ring at Fayette County Prison on January 9, 2023.  (Shebelskie Decl. ¶ 3.)  The process server confirmed that "the summons and Amended Complaint were personally delivered to one 'Lt. Mattie, who informed [the process server] that she is an agent authorized by appointment to receive service at' the Fayette County Prison." (ECF No. 174, at 6; see also ECF No. 54, at 2.)

4

To establish a meritorious defense, a party need only "present[] or proffer . . . evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *Moradi*, 673 F.2d at 727. However, "once a party is in default, it has the burden to show, by some amount of evidence, not by mere assertion, that it has a viable defense or a counterclaim. If the party cannot make such a showing, it fails the meritorious defense requirement." *Bank of Southside Virginia v. Host & Cook, LLC*, 239 F.R.D. 441, 445 (E.D. Va. 2007).

Mr. Ring's statement "that [he] was never served any notice of this suit", (ECF No. 167, at 1), does not constitute a meritorious defense against Plaintiffs' claims against him. (ECF No. 167, at 1.) At bottom, his Motion fails to provide any evidence demonstrating that he has *any* viable defense in this action, nor does Mr. Ring present any argument regarding the merits of this case. This factor weighs heavily against Mr. Ring.

The Court will now consider the second *Payne* factor—whether Mr. Ring has acted with reasonable promptness.

### B.   Mr. Ring Failed to Respond With Reasonable Promptness

"District courts in the Fourth Circuit have found that a defendant acted reasonably promptly when waiting seventeen, twenty-one, and thirty-two days after default was entered before attempting to set it aside." *Burton v. The TJX Companies, Inc.*, No. 3:07cv760 (JRS), 2008 WL 1944033, at *3 (E.D. Va. 2008) (collecting cases). However, district courts within this Circuit have found that defendants who waited thirteen months and nearly three months, respectively, to contest their entries of default failed to act with reasonable promptness. *See B2Gold Corp. v. Christopher*, No. 1:18cv1202 (TSE), 2020 WL 2846633, at *2 (E.D. Va. May

---

However, Mr. Ring "never responded to the Amended Complaint after being served." (ECF No. 174, at 5.)

5

28, 2020); *Aero Norfolk, LLC v. Philadelphia Truck Lines, Inc.*, No. 2:21cv101 (RCY), 2022 WL 839591, at *2 (E.D. Va. Mar. 21, 2022).

Here, Mr. Ring has challenged the entry of default against him more than eighteen months after the fact.[2] (*See* ECF Nos. 105, 167.) Given the facts and circumstances in the case at bar, Mr. Ring has failed to act with reasonable promptness to challenge the entry of default, and this factor weighs against him. *See B2Gold Corp.*, 2020 WL 2846633, at *2; *Aero Norfolk*, 2022 WL 839591, at *2.

The Court now turns to the third *Payne* factor—Mr. Ring's personal responsibility as the defaulting party.

### C. Mr. Ring's Failure to Respond is His Personal Responsibility

Mr. Ring proceeds *pro se* in this matter. Mr. Ring is personally responsible for this default. *See Burton*, 2008 WL 1944033, at *2 ("The Fourth Circuit has ruled that a party should not be penalized by a default judgment for his attorney's errors.") Even given this Court's requirement to read *pro se* filings liberally, the Court cannot find that his *pro se* status mitigates his personal responsibility.

The Court now turns to the fourth *Payne* factor—whether the Plaintiffs would be prejudiced if the Motion were granted.

### D. The Plaintiffs Would be Prejudiced if the Court Granted the Motion

"The non-defaulting party bears the burden of showing prejudice." *Burton*, 2008 WL 1944033, at *4 (citation omitted). The Plaintiffs explain that Mr. Ring's default prevented them from being "able to litigate against him at the same time as the rest of the appearing Defendants."

---

[2] Indeed, Mr. Ring has not responded to a properly served Amended Complaint for more than two years.

6

(ECF No. 174, at 12.) They note that retracting Mr. Ring's default "could delay beginning default proceedings against the other defaulting Defendants by months or years." (ECF No. 174, 12.) Given this record, the Court concludes that Plaintiffs have shown that they would be prejudiced if the Court granted the Motion, and this factor weighs against Mr. Ring.

The Court now turns to the fifth *Payne* factor—whether there is a history of dilatory action.

### E.  Mr. Ring's Actions Demonstrate a History of Dilatory Action

Mr. Ring took over eighteen months to object to the entry of default against him, and he has offered no evidence that he was not served. Indeed, he has not responded to an Amended Complaint served on him more than two years ago. Clearly, Mr. Ring has demonstrated a history of dilatory action. *See Timilon Corp. v. Empowerment Just. Ctr. Corp.*, 738 F. Supp. 3d 669, 682 (D. Md. 2024) (concluding that there was a history of dilatory action where the defaulting parties, among other things, delayed "responding to the suit despite having actual notice", noting that a party's own uncorroborated statement cannot overcome the return of service) (citation omitted). On this record, factor five also weighs against Mr. Ring.

The Court now turns to the sixth and final *Payne* factor—the availability of less drastic sanctions.

### F.  Less Drastic Sanctions Would Be Ineffective

Finally, entry of default against Mr. Ring is the most appropriate sanction here. Plaintiffs filed their Amended Complaint on December 5, 2022. As the Plaintiffs explain, "[Mr.] Ring is currently incarcerated, and is unlikely to have access to any assets to cover the fees of Plaintiffs'

7

counsel." (ECF No. 174, at 12.) Thus, a less drastic sanction, such as requiring Mr. Ring to pay the Plaintiffs' attorneys' fees, would be inappropriate. As a result, the final and sixth factor also weighs against Mr. Ring.

## IV. Conclusion

For the reasons articulated above, the Court DENIES Mr. Ring's Motion to Retract Entry of Default. (ECF No. 167.)

To the extent the Plaintiffs wish to file a motion for entry of default judgment against Mr. Ring or any other Defendant against whom default has been entered, the Plaintiffs must present an appropriate filing within FOURTEEN DAYS of the date of this Memorandum Order. Plaintiffs must comply with all Federal Rules of Civil Procedure and Local Rules of the Eastern District of Virginia when presenting any filing to the Court.

The Clerk is DIRECTED to deliver a copy of this ORDER to Mr. Ring at SCI-Mercer, PO Box 33028, St. Petersburg, FL 33733. The Clerk is further DIRECTED to address the copy of the ORDER to William Ring, III (QQ1061). If Mr. Ring has been released from SCI-Mercer, officials at SCI-Mercer are ORDERED to deliver the copy of this ORDER to Mr. Ring at his last known address.

It is SO ORDERED.

Date: 08/27/25
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge