IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**SEALED PLAINTIFF 1,**

and

**SEALED PLAINTIFF 2,**

**Plaintiffs,**

v.  Civil Action No. 3:22-cv-00670

**PATRIOT FRONT,** *et al.,*

**Defendants.**

## MEMORANDUM ORDER

### I. Background

This matter comes before the Court on Plaintiffs Sealed Plaintiff 1 and Sealed Plaintiff 2's (collectively, "Plaintiffs") Motion to Seal (the "Motion"). (ECF No. 193.) On September 24, 2025, Plaintiffs filed motions for default judgment and accompanying memoranda of law in support of those motions. (ECF Nos. 187, 188, 189, 190, 191, 192.) Attached to Plaintiffs' memoranda of law were various exhibits, some of which contained redactions and some of which were filed entirely under seal. Plaintiffs' memoranda of law also contained citations to these exhibits, some of which were likewise redacted. On September 26, 2025, Plaintiffs filed unredacted versions of all of their exhibits under seal. (ECF Nos. 196, 197, 198.)

In the Motion, Plaintiffs explain that various defendants who have since been dismissed from the present suit (the "Settling Defendants") reviewed and marked portions of these exhibits as confidential pursuant to a protective order between Plaintiffs and the Settling Defendants. (ECF No. 193, at 1 (citing protective order, ECF No. 160).) Plaintiffs initially filed their Motion

to Seal noting that they did not believe sealing or redaction of any of the documents was necessary. (ECF No. 194, at 2.) But Plaintiffs were "obligated to file the[] [exhibits] under seal pursuant to the Protective Order." (ECF No. 194, at 2.) Plaintiffs filed the Motion "to allow the [Settling Defendants] to submit argument as to why sealing is appropriate." (ECF No. 194, at 2.)

On October 3, 2025, the Settling Defendants filed a response, arguing that sealing or redacting of various exhibits is appropriate. (ECF No. 199.) On October 10, 2025, Plaintiffs replied. (ECF No. 200.) For the reasons articulated below, the Court GRANTS IN PART and DENIES IN PART the Settling Defendants' request to seal Plaintiffs' exhibits.

## II. Standard of Review

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (citation omitted). "The distinction between the rights of access afforded by the common law and the First Amendment is significant because the common law does not afford as much substantive protection to the interests of the press and the public as does the First Amendment. Consequently, the common law does not provide as much access to the press and public as does the First Amendment." *Id.* (citations and quotations omitted). When the First Amendment provides a right of access, "a district court may restrict access only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Id.* (quotation omitted). "[A] court presented with a sealing request must first "determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake.'" *United States v. Doe*, 962 F.3d 139, 145–46 (4th Cir. 2020) (quoting *Va. Dep't of State Police*, 386 F.3d at 576).

2

Regardless of the source of the public's right of access to a particular document, if the Court decides to seal that document, that sealing must comply with certain procedural requirements. Prior to sealing a document, the Court must:

> (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting alternatives.

*Ashcraft v. Conoco*, Inc., 218 F.3d 288, 302 (4th Cir. 2000) (citation omitted)

### III. Analysis

#### A.   The First Amendment Covers Plaintiffs' Exhibits

The First Amendment applies to the exhibits the Settling Defendants seek to seal. The United States Court of Appeals for the Fourth Circuit has determined that exhibits attached to a *dispositive motion*, such as a motion for summary judgment, are subject to the First Amendment when a party seeks to seal those exhibits. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988). While the Court is not aware of any Fourth Circuit precedent determining that exhibits attached to motions for default judgment are subject to First Amendment access protections, the Court will apply those protections to the exhibits at issue here. Motions for default judgment are no less dispositive than motions for summary judgment. *See Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 534 (D. Md. 2011) ("A motion for default judgment is a dispositive motion for purposes of the Magistrate Judges Act.").

The Settling Defendants seek to seal four categories of exhibits: (1) information related to the Settling Defendants' residences; (2) information concerning the identity of Settling Defendant John Doe 1; (3) internal Patriot Front guidance; and (4) information concerning Settling Defendant Nathan Noyce's criminal prosecution. The Court applies the First Amendment access standard to each of these requests.

3

### A. The Court Will Seal and Retain Redactions Covering References to the Settling Defendants' Residences and Occupations

First, the Settling Defendants ask the Court to retain the seal on exhibits that discuss their residency. (ECF No. 199, at 3.) Plaintiffs' exhibits contain depositions taken of the Settling Defendants, who responded to questions about their residences and occupations. These exhibits currently contain redactions wherever the Settling Defendants responded to questions about their residences. The Settling Defendants assert that the "public release of [their] residential and occupational information increases the risk [they] will be doxxed and harassed." (ECF No. 199, at 4.) Plaintiffs do not object to this sealing request. (ECF No. 200, at 2.) Protecting an individual's safety is a "compelling interest" under the First Amendment. *Doe*, 962 F.3d at 147–48. Redacting only those portions of Plaintiffs' exhibits that concern the Settling Defendants' residences and occupations "is narrowly tailored to serve that interest." *Va. Dep't of State Police*, 386 F.3d at 575. The Court therefore GRANTS the Settling Defendants' requests to retain the redactions on these exhibits to the extent that they contain information about their residences and occupations.

### B. The Court Will Seal and Retain Redactions Covering References to the Identity of Settling Defendant John Doe 1

Second, the Settling Defendants ask the Court to retain the seal on the identity of Settling Defendant John Doe 1. Plaintiffs' exhibits currently redact any mention of Settling Defendant John Doe 1's name and identity. The Settling Defendants ask the Court to retain these redactions because "the risks of doxxing, harassment, or worse from public disclosure are not insubstantial." (ECF No. 199, at 5.) Plaintiffs do not object to this sealing request. (ECF No. 200, at 2.) As discussed above, protecting the safety of an individual is a compelling interest, and retaining Plaintiffs' redactions concerning John Doe 1 is narrowly tailored to serve that

4

interest. The Court therefore GRANTS the Settling Defendants' request to retain the redactions on the exhibits to the extent that they contain information about John Doe 1's identity.

C.     **The Court Will Unseal Plaintiffs' Exhibits 8 through 14**

Third, the Settling Defendants ask the Court to retain the seal on Plaintiffs' Exhibits 8 through 14. These exhibits "consist of Patriot Front guidance statements plus October 12, 2021 meeting minutes." (ECF No. 199, at 5.) The Settling Defendants "acknowledge that these documents have already been made publicly available" but seek to retain the seal on these exhibits because to unseal them would add the "imprimatur of an official court proceeding" to the documents. (ECF No. 199, at 6.) Plaintiffs correctly respond that when exhibits contain publicly-available information, sealing of those exhibits is inappropriate. (ECF No. 200, at 4.) Courts routinely decline to seal publicly-available information. *See, e.g.*, *United States v. Woodard*, No. 7:96-cr-109, 2025 WL 849823, at *3 (W.D. Va. Mar. 18, 2025) (collecting cases). The Settling Defendants have not identified a compelling interest to justify sealing these publicly-available records. The Court therefore DENIES the request to keep Exhibits 8 through 14 under seal.

D.     **The Court Will Seal and Retain Redactions Covering References in Plaintiffs' Exhibit 19 to Settling Defendant Noyce's Criminal Prosecution**

Finally, the Settling Defendants ask the Court to retain the seal on any mention of Settling Defendant Nathan Noyce's "prosecution . . . with regard to the January 6 events." (ECF No. 199, at 6.) Plaintiffs' Exhibit 19 consists of an expert report, which discusses Mr. Noyce's prosecution. Plaintiffs have redacted several lines of the report that detail Mr. Noyce's comments during a deposition in which he describes events relating to his prosecution. The Settling Defendants note that Mr. Noyce was ultimately pardoned and insist that "this portion of [the expert] report is irrelevant and misleading and should remain redacted and under seal."

5

(ECF No. 199, at 6.) In response, Plaintiffs argue that Exhibit 19 should be unredacted and unsealed because "details of [Mr.] Noyce's indictment are publicly available." (ECF No. 200, at 6.)

Plaintiffs are correct that courts have denied motions to seal indictments because indictments are typically public knowledge. *See, e.g., United States v. Drake*, No. 5:22-cr-8, 2025 WL 1239351, at *5–6 (W.D. Va. Apr. 29, 2025) (denying motion to seal indictment). But the Settling Defendants do not seek to seal discussion of Mr. Noyce's *indictment*. Rather, they seek to seal a portion of an expert report summarizing Mr. Noyce's responses during a deposition, in which he describes events relating to his prosecution. While Plaintiffs' exhibits include excerpts from Mr. Noyce's deposition, those excerpts do not discuss Mr. Noyce's criminal charges, nor would his charges be relevant to Plaintiffs' motions for default judgment. Moreover, the Court observes that Mr. Noyce's charges were dismissed after his pardon, and Mr. Noyce never entered a public guilty plea. *See United States v. Noyce*, 1:24-cr-328, ECF No. 27 (D.D.C.) (dismissing Mr. Noyce's prosecution).

The Court is unaware of any caselaw on point in which an individual who was pardoned during the course of a prosecution requested sealing of their statements about any involvement in the events leading to that prosecution. In the absence of comparable authority, the Court concludes that Mr. Noyce has demonstrated a compelling interest in retaining the redactions applied to Plaintiffs' Exhibit 19. This exhibit discusses Mr. Noyce's testimony relating to events for which he was pardoned. Permitting that information to remain on the public record could cause Mr. Noyce serious reputational harm.[1] Retaining the redactions on Exhibit 19 *only with*

---

[1] The Fourth Circuit has expressed skepticism of claims that records should remain sealed where the movant argued unsealing them would cause the movant's business reputational harm. *See Doe v. Pub. Citizen*, 749 F.3d 246, 269–70 (4th Cir. 2014) ("We are unaware, however, of

6

*respect* to Mr. Noyce's testimony relating to events for which he was pardoned is narrowly tailored to that compelling interest. The Court therefore GRANTS the Settling Defendants' request to retain the redactions applied to Exhibit 19.[2]

### E. The Court has Abided by the Procedural Requirements for Sealing

The Court may properly seal the above exhibits because it has abided by the procedural requirements for sealing. Plaintiffs and the Settling Defendants have provided public notice of their requests for sealing. The Court has considered less drastic alternatives to sealing the documents and finds none. And the Court has provided specific reasons and factual findings supporting its decisions above. *Ashcraft*, 218 F.3d at 302.

### IV. Conclusion

The Court now GRANTS IN PART and DENIES IN PART Plaintiffs' Motion to Seal. (ECF No. 193.) The Court will seal Plaintiffs' exhibits attached to their motions for default judgment in the following manner:

(1) Any and all references in Plaintiffs' exhibits to the Settling Defendants' residences and occupations SHALL remain redacted and filed under seal.

(2) Any and all references in Plaintiffs' exhibits to the name or identity of John Doe 1 SHALL remain redacted and filed under seal.

---

any case in which a court has found a company's bare allegation of reputational harm to be a compelling interest sufficient to defeat the public's First Amendment right of access."). But this caselaw is likewise distinguishable; Mr. Noyce seeks to retain redactions concerning his involvement in events relating to his *criminal prosecution*, for which he was pardoned.

[2] Even if the Court were to apply the common-law standard for public access to judicial records, it would grant and deny the same redaction requests. The common-law standard provides that sealing of judicial records is appropriate where "countervailing interests heavily outweigh the public interests in access." *Rushford*, 846 F.2d at 253. As described above, the Settling Defendants have establishing countervailing interests in retaining the redactions applied to references to their residences, to the identity of John Doe 1, and to references to Mr. Noyce's prosecution. And the Settling Defendants have failed to identify sufficiently compelling countervailing interests to justify sealing Plaintiffs' Exhibits 8 through 14. Thus, regardless of the access standard applied by the Court, it would reach the same conclusions.

7

(3) References in Plaintiffs' Exhibit 19 to Mr. Noyce's criminal prosecution SHALL remain redacted and filed under seal.

(4) References in Plaintiffs' memoranda of law to all subjects contained in (1) through (3) above SHALL remain redacted and filed under seal.

The Court further ORDERS that Plaintiffs shall file unsealed copies of their Exhibits 8 through 14 with the Court.

It is SO ORDERED.

Date: 2/27/26
Richmond, Virginia

/s/
M. Hannah Lauck
Chief United States District Judge